IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CONNECT MEETINGS, LLC; and | ) | |
| TARSUS CONNECT, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | JURY DEMANDED |
| CVENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

Now comes Plaintiff Tarsus Connect, LLC (hereinafter collectively referred to as "Tarsus Connect" or "Plaintiff"), and for its Complaint against CVENT, Inc. ("CVENT" or "Defendant") hereby alleges and avers as follows:

## INTRODUCTION

1.

This is an action for trademark infringement, unfair competition and trademark dilution. Plaintiff extensively uses the trademark CONNECT for exhibitions, trade shows, corporate events and related goods and services. Plaintiff uses the trademark "CONNECT" as a formative in other marks such as CONNECT MARKETPLACE and more than twenty other CONNECT marks. Plaintiff has promoted and built a family of CONNECT trademarks, including but not limited to the mark CONNECT MARKETPLACE. Plaintiff owns U.S. Trademark Registration No. 4,252,551 for the mark CONNECT MARKETPLACE as used for organizing, promoting and conducting

exhibitions, trade shows and events for business purposes.  *See* Exhibit A.  Plaintiff has developed, at great effort and expense, an exceedingly valuable good will in the mark CONNECT and its associated CONNECT formative marks such as CONNECT MARKETPLACE.

2.

CVENT has adopted and is using, without authorization, various "Connect" designations, including "CVENT Connect" and "CVENT Connect Trade Show," for at least a competing trade show and corporate event.  Defendant's unauthorized use of such "Connect" designations is likely to cause confusion, mistake or deception with Plaintiff's CONNECT marks, in violation of federal and state laws.  Defendant's unauthorized use of such "Connect" designations injures Plaintiff's goodwill and reputation as symbolized by its CONNECT marks, including the federally registered trademark CONNECT MARKETPLACE,® in violation of the federal Lanham Act and various state unfair competition law.  In fact, CVENT's unauthorized use of a "Connect" designation is causing actual confusion in the marketplace, also in violation of the federal Lanham Act and state unfair competition law.  CVENT is passing itself off as being connected to or endorsed or affiliated with Tarsus Connect when there is no such connection, endorsement, or sponsorship.

3.

Accordingly, Plaintiff seeks preliminary and permanent injunctive relief enjoining CVENT from causing a likelihood of confusion by use of any "Connect" designation.  Plaintiff further seeks preliminary and permanent injunctive relief enjoining CVENT from the use of any mark, name or designation that is confusingly

similar to Plaintiff's CONNECT marks, including the federally registered mark CONNECT MARKETPLACE®.

## THE PARTIES

4.

Plaintiff Tarsus Connect is a Delaware limited liability corporation with a place of business at 15 Technology Parkway South, Suite 250, Norcross, Georgia 30092, which is within the Northern District of Georgia.

5.

Plaintiff Tarsus Connect is the successor in interest to Connect Meetings, LLC, a predecessor-in-interest that also had a place of business at 15 Technology Parkway South, Suite 250, Norcross, Georgia, 30092.

6.

Upon information and belief, Defendant CVENT, Inc. is a Delaware corporation with a place of business at 1765 Greensboro Station Place, 7th Floor, Tysons Corner, Virginia, 22102.  Upon further information and belief, CVENT may be served with process via its registered agent, Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, including 15 U.S.C. §§ 1114, 1116, 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. § 1367.

8.

This Court has personal jurisdiction over the Defendant CVENT, including because Defendant has committed acts of unfair competition in this jurisdiction, and/or because Defendant has committed acts of infringement and caused the infringing goods and services to enter the stream of commerce such that they will reach and affect parties in this jurisdiction, including the Plaintiff, and/or because Defendant has sufficient contacts with Georgia to subject it to personal jurisdiction.

9.

Venue is proper in this jurisdiction, including pursuant to 28 U.S.C. §§ 1391(b), because Defendant CVENT is deemed to reside in this judicial district by virtue of this Court's personal jurisdiction over the Defendant, and/or because the causes of action asserted in this Complaint arise out of CVENT's actions within this judicial district, and/or because CVENT's actions have caused injury to Plaintiff in this judicial district.

**FACTUAL BACKGROUND**

10.

Tarsus Connect is a leading travel hospitality company that provides trade shows, corporate events, exhibitions and related goods and services throughout the United States, on both a natural and a regional level.

11.

Tarsus Connect offers a wide range of travel hospitality related goods and services.  For example, Plaintiff has for many years: (a) organized, promoted and conducted exhibitions, trade shows and corporate events for the business travel and meetings sectors; (b) offered reverse-style trade shows for professional planners in the

4

hospitality industry; (c) offered various publications directed to markets such as the corporate, association, faith and sports planning sectors; and (d) offered services that allow a client to create its own publication targeted to a specific client within the hospitality or meetings industry.

12.

Plaintiff uses the mark CONNECT to identify and distinguish its goods and services.  The relevant public recognizes Tarsus Connect's goods and services offered and provided under the mark CONNECT to be sponsored and/or associated with Plaintiff.  Such goods and services are of high quality and excellent reputation.

13.

Beginning at least as early as March of 2009, Plaintiff, through its predecessor-in-interest, began using the mark CONNECT.

14.

Plaintiff's use of the mark CONNECT grew, and is extensive. For example, Tarsus Connect uses the mark CONNECT in association with national events directed to professionals who plan conferences that rotate throughout the nation.  Further, Tarsus Connect uses the mark CONNECT in association with vertical events directed to professionals who plan conferences that rotate throughout the nation within a particular market segment.  Yet further, Tarsus Connect uses the mark CONNECT in association with events directed to professionals who plan conferences that rotate throughout a specific state or region.

15.

For example, Plaintiff offers goods and services under the trademark CONNECT at websites such as www.collaboratemeeings.com and www.connectsports.com.

16.

Plaintiff has adopted and used other marks that use CONNECT as a formative, such as CONNECT MARKETPLACE, CONNECT GEORGIA, CONNECT DIVERSITY and CONNECT SPORTS where the trademark CONNECT is the root term of such other marks.  *See* Exhibit B.

17.

In fact, Plaintiff has offered and provided its goods and services under the following CONNECT trademarks:

> Connect Association
> Connect California
> Connect Chicago
> Connect China
> Connect Corporate
> Connect DC
> Connect Diversity
> Connect Dubai
> Connect Expo
> Connect Faith
> Connect Marketplace
> Connect Marketplace Florida
> Connect Georgia
> Connect Hawaii
> Connect Incentive
> Connect Medical
> Connect Missouri
> Connect New England
> Connect NYC
> Connect Ohio
> Connect Pacific Northwest

Connect Southwest
Connect Specialty
Connect Sports
Connect Texas

18.

In such other CONNECT marks, both the root term CONNECT and the resulting composite CONNECT mark (e.g., CONNECT ASSOCIATION, CONNECT CALIFORNIA, etc.) identify a good and/or service of Tarsus Connect. Plaintiff has promoted and developed these composite marks both separately and together with the mark CONNECT so as to create a family of CONNECT marks. (Accordingly, the above composite marks are hereinafter referred to collectively as the CONNECT MARKS.) Both the formative mark CONNECT and the CONNECT MARKS are recognized and relied upon by the public to distinguish Plaintiff's products and services from those of others.

19.

Plaintiff has used the mark CONNECT and the CONNECT MARKS in various media, including on websites, written publications, advertisements and in association with its own trade show.

20.

For example, Plaintiff publishes magazines under certain of its CONNECT MARKS, including:

    **a.** "CONNECT CORPORATE" – directed to corporate, expo and incentive meeting planners;

    **b.** "CONNECT ASSOCIATION" – directed to association and specialty meeting planners;

> **c.** "CONNECT SPORTS" – directed to competitive event organizers and sports event planners; and
>
> **d.** "CONNECT FAITH" – directed to faith-based organizers and planners.

*See* www.connectmeetings.com/media.

21.

Tarsus Connect also hosts an annual trade show under the mark CONNECT MARKETPLACE, which is attended by meeting and planning professionals and various suppliers of related goods and services, known as the "Connect Marketplace Trade Show." The 2017 Connect Marketplace Trade Show had over 100 sponsors and executive partners, including entities such as Delta Airlines, and various municipalities and hotels/resorts. The next "Connect Marketplace Trade Show" will occur in August of 2018 in Salt Lake City, Utah, and registration for that event is already underway.

22.

On the strength of such use of the mark CONNECT MARKETPLACE, Plaintiff obtained U.S. Trademark Registration No. 4,252,551 for said mark as used in association with "organizing, promoting and conducting exhibitions, tradeshows and events for business purposes." That federal registration, issued December 4, 2012, is valid and is in full force and effect. *See* Exhibit A.

23.

U.S. Registration No. 4,252,551 constitutes *prima facie* evidence of Plaintiff's exclusive right to use the mark shown therein in connection with the goods and services recited in that registration.

24.

Through Tarsus Connect's extensive and widespread use of the mark CONNECT and the CONNECT MARKS, including but not limited to the federally registered mark CONNECT MARKETPLACE, the relevant public has come to recognize the mark CONNECT and the CONNECT MARKS as identifying Plaintiff as the source of such products and services.  Tarsus Connect has promoted and developed and own a family of CONNECT marks, as shown hereinabove.

25.

As a result of Tarsus Connect's widespread use of the mark CONNECT and the CONNECT MARKS, the extensive sales enjoyed under the mark CONNECT and the CONNECT MARKS, and widespread advertising and promotion of Plaintiff's goods and services under the mark CONNECT and the CONNECT MARKS, Plaintiff has developed substantial value and goodwill in the mark CONNECT and the CONNECT MARKS, including the federally registered mark CONNECT MARKETPLACE® trademark.  The relevant public recognizes and expects that products and services sold under the mark CONNECT and the CONNECT MARKS (including the mark CONNECT MARKETPLACE®), will be of the high quality and reliability for which Tarsus Connect's products and services are known.

**CVENT'S INFRINGING ACTIVITIES**

26.

Defendant CVENT is also in the travel hospitality and trade show business.

27.

In disregard of Plaintiff's prior use of and superior rights in the mark CONNECT and the CONNECT MARKS, including Plaintiff's federally-registered mark CONNECT MARKETPLACE®, CVENT has adopted the designation "Connect" for competing goods and services, including a trade show directed to meeting and event professionals. More particularly, CVENT is, without authorization, using a colorable imitation of Plaintiff's marks as part of designations such as "CVENT Connect 2017" and "CVENT Connect Trade Show." An example of such unauthorized use is shown below:



*See also* Exhibit C. Plaintiff believes this use was available at: www.CVENTconnect.com/events/CVENT-connect-2017/custom-377347c3032d43431ca7b4fd2adee53ba2.aspx. *See also* Exhibit C. Yet another unauthorized use can be found at http://www.cventconnect.com/events/cvent-connect-2018/event-summary-1071483f81704ec49f48307cebaf2e42.aspx.

28.

CVENT has claimed that during its "CONNECT" tradeshow, "event [planning] professionals have the chance to attend … pre-scheduled appointments, providing the opportunity to meet with and source CVENT's extensive network of … key event industry partners." Exhibit C. CVENT has used and is using the Plaintiff's mark CONNECT for the same type of trade show offered to the same type or class of purchasers as that offered by Plaintiff under the mark CONNECT and the CONNECT MARKS, including the federally registered CONNECT MARKETPLACE® trademark.

29.

The goods or services offered by CVENT under one or more "Connect" designations compete with the good and/or services offered and provided by Plaintiff under the mark "CONNECT," and the "CONNECT MARKS," including Plaintiff's federally registered CONNECT MARKETPLACE® trademark.

30.

Use of the designation "Connect" by Defendant is likely to cause confusion. For example, a Google® search of the Internet for the terms "trade show" and "Connect" generates listings referring to CVENT goods and/or services. *See* Exhibit D.

31.

The parties' respective goods and/or services are offered through identical or overlapping channels of trade.

32.

On information and belief, the Plaintiff has used the mark CONNECT continuously for at least six (6) years before CVENT began to use a "Connect" designation in connection with a trade show or other related goods or services.

33.

The goods or services offered by CVENT under designations such as "CVENT Connect" and "CVENT Connect Trade Show," are not associated or connected with Tarsus Connect, nor is CVENT associated or connected with Tarsus Connect, nor is CVENT or its use of the designation "Connect" for any goods or services licensed, authorized, sponsored, endorsed, or approved by Tarsus Connect in any way.

34.

CVENT's use of "Connect," as part of designations such as "CVENT Connect" and/or "CVENT Connect Trade Show," has caused actual confusion.  Such actual confusion, and the associated likelihood of deception, confusion, and mistake engendered by CVENT's misappropriation and misuse of Plaintiff's CONNECT mark and Plaintiff's CONNECT MARKS, is causing irreparable harm to the goodwill embodied in Plaintiff's mark CONNECT and CONNECT MARKS.  For example, the designation "CVENT Connect" is likely to be confused as one of Tarsus Connect's family of CONNECT MARKS.

35.

For example, Plaintiffs received the following correspondence from businesses that confused a "CVENT Connect" event as one of Plaintiff's CONNECT events:

a. In May of 2017, when Plaintiff reached out to Chateau on the Lake Resort, Spa & Convention Center to follow-up with them regarding a proposal, the customer replied that the proposal had already been signed and emailed (*see* Exhibit E). Plaintiffs then called the customer, who informed Plaintiff, "So sorry, I had you confused with CVENT Connect."

b. In June of 2017, a Travel Tacoma employee was sent an email about CVENT Connect, and forwarded it to Plaintiff, asking "Do you know what this is?" (*See* Exhibit F).

c. In June of 2017, a consumer from the Sheraton Chicago O'Hare Airport called Plaintiff, telling Plaintiff that she had been to its show. The show she had been to was not affiliated with Plaintiff, but was instead a CVENT show (*see* Exhibit G).

There are other instances of actual consumer confusion known to Tarsus Connect.

36.

CVENT's unlawful and infringing activities are likely to continue causing actual confusion among customers, prospective customers and others. Relevant purchasers have been, and will likely continue to be, confused into believing that CVENT tradeshows are sponsored by or endorsed by or affiliated with Tarsus Connect.

37.

Such confusion or mistake is especially damaging with respect to persons who perceive a defect or lack of quality in CVENT's tradeshows and other events. By causing such actual confusion, and such a likelihood of confusion, CVENT has inflicted and is inflicting irreparable harm to Plaintiff's goodwill as symbolized by Plaintiffs' mark CONNECT and the CONNECT MARKS. On information and belief, a defect or lack of quality in CVENT's tradeshows has been perceived by at least one former Tarsus Connect customer. Such actual confusion has inflicted and is inflicting irreparable harm to Plaintiff's goodwill as symbolized by the Plaintiff's mark CONNECT and the CONNECT MARKS, including the federally registered mark "CONNECT MARKETPLACE."

38.

CVENT had at least constructive notice of Plaintiff's prior use of the mark CONNECT, at least as a formative in the federally registered mark CONNECT MARKETPLACE®.

39.

On information and belief, particularly in view of the nature of Defendant's goods and services, CVENT is believed to have had knowledge of Plaintiffs' prior use of its mark CONNECT or one of the CONNECT MARKS.

40.

On information and belief, Defendant's unauthorized use of a colorable imitation of Plaintiff's CONNECT mark and/or the CONNECT MARKS has been made in an effort to confuse, mislead, deceive or cause the relevant public to mistakenly

believe that Defendant's goods and services originate with or are approved by Plaintiff, or that Defendant's trade show is another of Plaintiff's many trade shows offered under Plaintiff's mark CONNECT or one or more of Plaintiff's CONNECT MARKS, including the federally registered mark CONNECT MARKETPLACE®.

41.

Plaintiff and Defendant compete for customers in the travel hospitality industry.

42.

Plaintiff and Defendant offer competing and similar goods and services.  At minimum, Plaintiff and Defendant offer related goods and services.

43.

Plaintiff and Defendant offer their respective goods and services on the Internet.

44.

CVENT's use of Plaintiff's mark "CONNECT" in a "Connect" designation such as "CVENT Connect," or otherwise, creates a false impression of association, affiliation, connection, endorsement, or sponsorship of CVENT or CVENT's goods and/or services by Plaintiff.

45.

CVENT's use of a "Connect" designation in connection with CVENT's goods and services violates Plaintiff's superior and exclusive rights in the mark CONNECT and the CONNECT MARKS, including the federally registered mark CONNECT MARKETPLACE®, including by using a designation that is likely to appear as one of Plaintiff's family of CONNECT trademarks.

46.

CVENT's use of a "Connect" designation in connection with CVENT's goods and services is likely to cause confusion, mistake or deception with Plaintiff's use of the mark CONNECT and/or the CONNECT MARKS.

47.

CVENT's actions have caused, and continue to cause, irreparable harm to Plaintiff.

48.

On information and belief, CVENT is aware of Plaintiff's products and services, as well as Plaintiff's prior use of the mark CONNECT or one or more of the CONNECT MARKS, including the federally-registered mark CONNECT MARKETPLACE®.

49.

On information and belief, CVENT has willfully and unlawfully attempted to trade on the commercial value, reputation, and goodwill of Plaintiff and has deliberately and intentionally confused and deceived the public.

50.

Tarsus Connect has suffered and is continuing to suffer irreparable harm as Plaintiff has lost and is losing control over the use of its common law and statutory trademark rights, and as CVENT benefits unlawfully from misappropriation of the goodwill symbolized by Plaintiff's mark CONNECT and the CONNECT MARKS, including the federally-registered mark CONNECT MARKETPLACE®.  Plaintiff has also suffered damages.

## COUNT ONE
## <u>FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114(a))</u>

51.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-50 as if fully set forth herein.

52.

CVENT's unauthorized use of "Connect," including as part of the designation "CVENT Connect," has caused, and is likely to continue causing, confusion, mistake or deception with regard to Plaintiff's prior use of its federally-registered CONNECT MARKETPLACE® trademark in violation of 15 U.S.C. § 1114.

53.

CVENT's unauthorized use of a "Connect" designation has caused and is likely to cause confusion, deception or mistake with Tarsus Connect's federally-registered trademark by creating the false and misleading impression that CVENT's goods and/or services are offered by Plaintiff, or are affiliated, connected or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

54.

The relevant public has been, and is likely to continue to be, confused into believing that CVENT's goods and/or services offered in association with such designations as "CVENT Connect," "CVENT Connect 2017," or "CVENT Connect Trade Show," originate with Plaintiff, owner of the federally-registered trademark CONNECT MARKETPLACE®, in violation of 15 U.S.C. 1114.

55.

CVENT has used colorable imitations of Plaintiff's federally-registered CONNECT MARKETPLACE® trademark in connection with the same or related goods and services, all in violation of 15 U.S.C. § 1114.  CVENT's unlawful acts have caused actual confusion, a likelihood of confusion, and, unless enjoined by this Court, will continue to cause actual confusion and a likelihood of confusion.  Further, CVENT's unlawful acts will continue to injure Plaintiff's goodwill and reputation as symbolized by the federally registered CONNECT MARKETPLACE® trademark, for which Plaintiff has no adequate remedy at law.

56.

CVENT's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's federally registered CONNECT MARKETPLACE® trademark, to Plaintiff's great and irreparable injury.

57.

CVENT has caused and is likely to continue causing substantial injury to the public and to Tarsus Connect.  Plaintiff is entitled to injunctive relief and to recover CVENT's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT TWO**
**FALSE DESIGNATION OF ORIGIN AND**
**UNFAIR COMPETITION 15 U.S.C. §§ 1125(a))**

58.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-50 as if fully set forth herein.

59.

Defendant's use of the confusingly similar "Connect" designations has caused, and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's trade shows, and other goods and services offered in association therewith, are offered by, affiliated, connected or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

60.

Defendant has made false representations, false descriptions and/or false designations of origin of their services in violation of 15 U.S.C. §1125(a). Defendant's actions have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, deception and mistake of the relevant public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, and Plaintiffs federally-registered mark CONNECT MARKETPLACE®.

61.

The goods or services offered and rendered by CVENT under the various "Connect" designations are of the same nature and type as the services offered and rendered by Plaintiff under its mark CONNECT, and its CONNECT MARKS, including the federally-registered CONNECT MARKETPLACE® trademark.

62.

CVENT's use of confusingly similar "Connect" designations has caused, and is likely to continue causing, confusion, deception or mistake by creating the false and misleading impression that CVENT's services are offered or rendered by Plaintiff, or

are affiliated, connected or associated with Tarsus Connect or have the sponsorship, endorsement or approval of Tarsus Connect.  Plaintiff has no adequate remedy at law.

63.

CVENT's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, Plaintiff's family of CONNECT marks, and Plaintiff's federally registered mark CONNECT MARKETPLACE®, to the irreparable injury of Plaintiff.

64.

CVENT's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief and to recover CVENT's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT THREE**
**COMMON LAW TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**

65.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-50 as if fully set forth herein.

66.

CVENT's acts constitute common law trademark infringement and unfair competition under the laws of the State of Georgia, have created actual confusion, a likelihood of confusion, and will continue to create a likelihood of confusion, all to the irreparable injury of Plaintiff unless restrained by this Court.  Tarsus Connect has no adequate remedy at law for this injury.

67.

On information and belief, CVENT acted with knowledge of Plaintiff's prior use of Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, Plaintiff's family of CONNECT marks, and/or with actual or constructive knowledge of Plaintiffs' statutory and common law rights to the federally-registered CONNECT MARKETPLACE® trademark, without regard to the likelihood of confusion of the public created by CVENT's activities.

68.

CVENT's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, Plaintiff's family of CONNECT marks and Plaintiff's federally-registered CONNECT MARKETPLACE® trademark, to the great and irreparable injury of Plaintiffs.

69.

As a result of CVENT's past and ongoing acts of infringement and unfair competition, Plaintiff has been damaged in an amount not as yet determined or ascertained.  At a minimum, however, Plaintiff is entitled to injunctive relief, an accounting of CVENT's profit, damages and costs.  Further, on information and belief, in light of CVENT's intentional use of confusingly similar imitations of Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, one or more of Plaintiff's family of CONNECT trademarks and Plaintiff's federally-registered CONNECT MARKETPLACE® trademark, Plaintiff is entitled to damages.  Yet further, in view of

the need to deter CVENT from similar conduct in the future, Plaintiff is entitled to compensatory and punitive damages.

## COUNT FOUR
## FOURTH CLAIM FOR RELIEF
## (UNFAIR AND DECEPTIVE TRADE PRACTICES); O.C.G.A. §10-1-370 et seq.)

70.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations in paragraphs 1-50 as if fully set forth herein.

71.

Defendant has been passing off its trade shows, including any related goods and services, as those of the Plaintiff, Tarsus Connect, causing a likelihood of confusion or of mistake as to the source, sponsorship or approval of Defendant's trade shows, events and any associated goods and services, causing a likelihood of confusion or of mistake as to Defendant's affiliation, connection or association with Plaintiff and/or Plaintiff's exhibitions, trade shows and events, thus damaging Plaintiff and the public.

72.

Defendant's conduct constitutes unfair and deceptive acts or practices in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. §10-1-370 to §10-1-375.

73.

Defendant's unauthorized use of confusingly similar imitations of Tarsus Connect's mark "CONNECT" mark, the "CONNECT MARKS," one or more of the "CONNECT" family of marks, and the CONNECT MARKETPLACE trademark, constitutes passing off Defendant's goods and services as those of Plaintiff through

Defendant's adoptive and use of Plaintiff's marks for competing products and services in the same channels of trade to the same type of customers. On information and belief, such actions have been intentional. Defendant has and is likely to cause damage to Tarsus Connect in violation of O.C.G.A. §10-1-372.

74.

Plaintiffs have no adequate remedy at law, and are entitled to preliminary and permanent injunctive relief. Plaintiffs are further entitled to recover costs and reasonable attorney's fees.

**COUNT FIVE**
**TRADEMARK DILUTION**
**(O.C.G.A §10-1-370 et seq.)**

75.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations in paragraphs 1-50 as if fully set forth herein.

76.

Plaintiff first adopted the mark CONNECT and the CONNECT MARKS, including the mark "CONNECT MARKETPLACE, and uses those marks for goods and services in this jurisdiction and elsewhere.

77.

Defendant's use of a "Connect" designation, including as part of "CVENT Connect" and other designations, is similar to Plaintiff's use of its mark CONNECT and its CONNECT MARKS. Defendant's use of a "Connect" designation is likely to injure Plaintiff's business reputation and/or likely to dilute the distinctive quality of

Plaintiff's mark CONNECT and the CONNECT MARKS (including the mark CONNECT MARKETPLACE).

78.

Defendant has thus diluted Plaintiff's trademark and service mark rights in violation of the Georgia Anti-Dilution Statute, O.C.G.A. §10-1-451(b).  Such dilution has caused irreparable harm to Plaintiff, for which there is no adequate remedy at law. Unless enjoined by the Court, on information and belief, Plaintiff will continue to suffer irreparable harm.

79.

Plaintiff is entitled to preliminary and permit injunctive relief under O.C.G.A. §10-1-451(b).

## PRAYER FOR RELIEF

Plaintiff therefore prays that:

1.     That the Court enter judgment that CVENT has engaged in trademark and service mark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114), has engaged in making a false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), has engaged in common law trademark and service mark infringement and unfair competition, has engaged in trademark and service mark dilution in violation of O.C.G.A. §10-1-451(b), has engaged in deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act

(O.C.G.A. § 10-1-372, and has acted in bad faith, and/or been stubbornly litigious, and/or has caused unnecessary trouble and expense in violation of O.C.G.A. §13-6-11.

    2.    CVENT, and all agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by through or under authority from or in concert or participation with CVENT, be permanently enjoined from:

    a.    using the mark CONNECT, or any other copy, reproduction, colorable imitation, or simulation of the mark CONNECT, on or in connection with CVENT's services including;

    b.    using any trademark, service mark, name, logo, design or source designation that includes the mark CONNECT, or any copy, reproduction, colorable imitation, or simulation, or term confusingly similar thereto, on or in connection with CVENT's services, that is likely to cause confusion, mistake, or deception in violation of federal and/or state laws; and

    c.    using any trademark, service mark, name, logo, design or source designation that includes any of Plaintiff's CONNECT MARKS, formative CONNECT mark, and any member of Plaintiff's CONNECT family of marks, including the federally-registered CONNECT MARKETPLACE trademark, or any copy, reproduction, colorable imitation or simulation, or any term confusingly similar thereto, that is likely to cause confusion, mistake or deception in violation of federal and/or state laws;

    d.    from diluting Plaintiff Tarsus Connect's distinctive trademarks; and

e.      passing off, palming off or assisting in passing off or palming off, CVENT's services as those of Plaintiff's, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint, whether in violation of federal or state law.

2.      That CVENT be ordered to stop organizing, promoting or conducting services, and/or from selling any goods bearing any CONNECT mark or "Connect" designation, or any mark or designation confusingly similar to Plaintiff's "CONNECT" trademark, any of the CONNECT MARKS, any formative CONNECT mark, and any member of the CONNECT family of marks, including the federally-registered mark "CONNECT MARKETPLACE," and be ordered to deliver a copy of such order to any affected third party including any but not limited to, any buyer/ attendee, supplier/ exhibitor or marketer, and also to deliver to each customer a copy of such order as it relates to said injunctive relief against CVENT;

3.      That CVENT be ordered to deliver up for impounding and for destruction all paper products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material or other materials in the possession, custody or control of CVENT that are found to adopt or infringe any of Plaintiff's trademarks or that otherwise unfairly compete with Plaintiff and its products and services;

4.      That Plaintiff Tarsus Connect recover its actual damages caused by CVENT's conduct, and that such award be trebled;

5.      That CVENT be compelled to account to Plaintiff for any and all profits derived by CVENT under 15 U.S.C. §§ 1117, O.C.G.A. §§ 51-1-6 and the common

law, and that based on CVENT's known and intentional use of confusingly similar imitations of Plaintiff's mark CONNECT, any of Plaintiff's CONNECT MARKS, any of Plaintiff's family of CONNECT marks or any of Plaintiff's formative "CONNECT" marks, including Plaintiff's federally-registered CONNECT MARKETPLACE® trademark, that the damages award be trebled and/or the award of CVENT's profits be enhanced;

6.      That Plaintiff Tarsus Connect be awarded punitive damages pursuant to O.C.G.A. §§ 51-12-5.1 in light of CVENT's fraudulent, intentional and willful intent to mislead, deceive or confuse the public and the need to deter CVENT from similar conduct in the future;

7.      That CVENT be required to pay to Plaintiff the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117 and the state statutes cited in this Complaint;

8.      That Plaintiff be awarded prejudgment interest; and

9.      That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Date:  December 14, 2017              Respectfully submitted,

                                     /s/ Stephen M. Schaetzel
                                     Stephen M. Schaetzel, Ga. Bar No. 628653
                                     Email: sschaetzel@mcciplaw.com
                                     MEUNIER CARLIN & CURFMAN LLC
                                     999 Peachtree Street N.E.
                                     Suite 1300
                                     Atlanta, GA 30309
                                     404-645-7700 (ph)
                                     404-645-7707 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| CONNECT MEETINGS, LLC; and<br>TARSUS CONNECT, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | <u>JURY DEMANDED</u> |
| CVENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>VERIFICATION</u>

I am Chris Collinson, President, of Plaintiff Tarsus Connect, LLC, and am

authorized to make this verification for and on its behalf, and I make this

verification for that reason. I have read the foregoing Verified Complaint and I am

informed and believe, and on those grounds allege, that the matters stated in the

foregoing document are true and correct to the best of my knowledge and belief.

Executed this _14th_ day of December, 2017.

_____
Chris Collinson