IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TARSUS CONNECT, LLC, | ) | |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| CVENT, INC., | ) | 1:17-cv-05165-SCJ |
| | ) | |
| Defendant-Counterclaimant. | ) | |
| | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF CVENT, INC.**

Defendant-Counterclaimant Cvent, Inc. ("Cvent") raises affirmative defenses,

responds to Plaintiff's Verified Complaint, and sets forth its Counterclaims against

Plaintiff as follows:

## INTRODUCTION

Cvent is a leading cloud-based enterprise event management company.  Since at least as early as **May 2000**, Cvent has used its inherently distinctive CVENT mark as a source identifier or trademark for its products and services.  Cvent is the owner of two U.S. federal Trademark Registrations for the CVENT trademark.  (Exhibits 1 and 2 attached hereto and incorporated herein by reference).

Plaintiff/Counterclaim Defendant Tarsus Connect, LLC (hereinafter referred to as "Plaintiff") alleges that it is the owner of a U.S. federal Trademark Registration for the mark CONNECT MARKETPLACE that claims a date of first use of **March 1, 2009**.  (Exhibit 3 attached hereto and incorporated herein by reference).

Beginning at least as early as **January 22, 2015**, Cvent introduced into commerce the trademark CVENT CONNECT as a source identifier for a conference put on by Cvent – and marketed with the assistance of Plaintiff -- that allows and encourages Cvent customers to interact with Cvent consultants, account managers, and senior management, as well as other Cvent customers in a variety of peer-to-peer exchanges to learn how best to utilize the Cvent platform.  Cvent is the owner of two U.S. federal Trademark Registrations for its CVENT CONNECT trademark (Exhibits 4 and 5 attached hereto and incorporated herein by reference).  The two applications for CVENT CONNECT were published for opposition for each of these

2

resulting registrations, and no opposition was filed by Plaintiff or anyone else. Following publication, both applications matured into registrations and were placed on the Principal Register.

 The fact that no oppositions were filed by Plaintiff is hardly surprising. CVENT CONNECT and CONNECT MARKETPLACE sound very different, have different connotations, and convey different commercial impressions.  Furthermore, the CVENT CONNECT and CONNECT MARKETPLACE marks are used in connection with different products and services which are sold through different channels of trade to different customers, and both parties' customers are highly sophisticated and not making impulse purchases.

On or about **January 12, 2016** – almost a full year after Cvent had publically begun its use of CVENT CONNECT in connection with its annual conference, Collinson & Company (the entity from whom Plaintiff claims to have acquired its rights in this case) -- issued a press release announcing for the first time that it was planning on operating under a new name, "Connect", to "more accurately represent[] the scope of the company's mission, which is to connect people, places and ideas." (Exhibit 6 attached hereto and incorporated herein by reference).

Plaintiff apparently thought its decision to use the term "connect" would be helpful in that it was highly descriptive of Plaintiff's mission, but the decision would

also result in its placement within an extremely crowded field of entities, products and services which use the term "connect" including, for example, CONNECT TRADE SHOW found at www.connecttradeshow (Exhibit 7), Grassroots Connect Tradeshow found at https://connect.grassrootsoutdoors.com (Exhibit 8), CONNECT found at www.connect.org (Exhibit 9), EventConnect.com found at www.eventconnect.com (Exhibit 10), AT&T Connect for audio and video conferencing tools (Exhibit 11), and Specialty Connect (Exhibit 12) to name a few, as well as more than 1,000 United States federal Trademark Registrations believed to exist in International Class 035 that contain the term "connect".  As a result, the term "connect" as used by Plaintiff is either not acting as a source identifier, and as a result, not entitled to any scope of protection, or, if it has obtained common law rights, those rights necessarily are entitled to a very narrow scope of protection as the term is plainly very weak.   In contrast, the federally registered CVENT CONNECT trademarks -- by virtue of their registration -- are legally presumed to be valid.  Most importantly, the federally registered CVENT CONNECT trademarks have priority -- by almost a full year – such that if a likelihood of confusion is found to exist, it is Plaintiff, not Cvent, who is guilty of infringement.  Moreover, Plaintiff's infringement is willful, and the case is an exceptional one, warranting the award to

Cvent of its attorneys' fees, as Plaintiff and its counsel have been in full possession of this information prior to the filing of the Verified Complaint.

Accordingly, CVENT asserts the following defenses, including affirmative defenses, without admitting or acknowledging that it bears the burden of proof as to any of them:

<u>**FIRST DEFENSE**</u>

The Complaint fails to state a claim on which relief can be granted.

<u>**SECOND DEFENSE**</u>

The Complaint is barred, in whole or in part, by the doctrine of laches, waiver, estoppel, acquiescence, and/or unclean hands, and by other equitable doctrines.

<u>**THIRD DEFENSE**</u>

Plaintiff's prayer for damages or equitable relief is limited because of its delay in commencing suit.

<u>**FOURTH DEFENSE**</u>

There is no likelihood of confusion between CONNECT MARKETPLACE and CVENT CONNECT.

## FIFTH DEFENSE

There is no likelihood of confusion between CONNECT MARKETPLACE and CVENT Connect Trade Show.

## SIXTH DEFENSE

Plaintiff has not acquired protectable rights in the term "connect".

## SEVENTH DEFENSE

Defendant Cvent acquired protectable rights in CVENT CONNECT before Plaintiff announced that it intended to use the term "connect" as a descriptor and the name of its business.

## EIGHTH DEFENSE

Cvent asserts all other defenses which may become available as a result of information developed or discovered through discovery or trial, and it reserves the right to amend this Answer to plead additional defenses as they become known during the course of this litigation.

## NINTH DEFENSE

Cvent responds to the specific allegations of the Complaint as follows:

1.      Cvent admits the Complaint purports to be an action for trademark infringement, unfair competition and trademark dilution. Cvent admits that Exhibit A to the Complaint appears to be a copy of United States Trademark Registration

4,252,551.  Cvent lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and on that basis denies those allegations.

2.     Cvent admits that it has adopted and is using the mark "CVENT CONNECT" and the phrase "CVENT Connect Trade show".  Cvent vigorously denies all of the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Cvent denies that Plaintiff is entitled to the relief requested in Paragraph 3 and also denies the remaining allegations of Paragraph 3 of the Complaint.

4.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and on that basis denies such allegations.

5.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and on that basis denies such allegations.

6.     Cvent admits the allegation in Paragraph 6 of the Complaint.

7.     With respect to Paragraph 7 of the Complaint, Cvent is not required to respond because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent that any response may be deemed required, Cvent does not deny that subject matter jurisdiction is proper in this case.

8.     With respect to Paragraph 8 of the Complaint, Cvent is not required to respond because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent that any response may be deemed required, Cvent does not contest personal jurisdiction in this particular case.  Cvent denies that it has committed acts of unfair competition, and it denies the allegation that it has committed acts of infringement or caused infringing goods and services to enter the stream of commerce in this jurisdiction.

9.     With respect to Paragraph 9 of the Complaint, Cvent is not required to respond because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent that any response may be deemed required, Cvent does not contest venue in this particular case before this District Court.  Cvent denies that any of its actions have caused injury to Plaintiff.

10.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis denies such allegations.

11.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis denies such allegations.

12.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and on that basis denies such allegations.

13.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and on that basis denies such allegations.

14.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and on that basis denies such allegations.

15.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis denies such allegations.

16.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and on that basis denies such allegations.

17.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and on that basis denies such allegations.

18.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and on that basis denies such allegations.

19.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and on that basis denies such allegations.

20.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and on that basis denies such allegations.

21.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and on that basis denies such allegations.

22.     Cvent admits a copy of U.S. Trademark Registration No. 4,252,551 appears to be attached to the Complaint as Exhibit A.   Cvent lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint and on that basis denies such allegations.

23.     With respect to Paragraph 23 of the Complaint, Cvent is not required to respond because it does not contain any allegations of fact, but rather states legal conclusions.

24.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis denies such allegations.

25.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis denies such allegations.

26.     Cvent admits that it is a software-as-a-service company that, unlike Plaintiff, specializes in meetings management technology.   Cvent denies the remaining allegations in Paragraph 26 of the Complaint.   To the extent the allegations in Paragraph 26 of the Complaint refer to the term "also" and suggest a reference to Plaintiff's services, Cvent lacks sufficient information to form a belief as to the truth of those allegations contained in Paragraph 26 of the Complaint and on that basis denies such allegations.

27.     Cvent admits that what is shown as Exhibit C to the Complaint appears to be an image showing what appears to be a portion of a Cvent Internet web page. Cvent denies it is using a colorable imitation of any Plaintiff's mark.  Cvent further denies that Plaintiff's alleged rights in the term "connect" exist, denies that Plaintiff's alleged rights in "connect" are prior to Cvent's trademark rights in CVENT CONNECT, denies that Plaintiff's rights in "connect" are superior to the

rights of Cvent in CVENT CONNECT, denies that its goods or services offered under the mark CVENT CONNECT compete with Plaintiff's goods and services, and denies the implication that Cvent's use of its trademarks have caused, or are likely to cause, trademark confusion.  Cvent lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint and on that basis denies such allegations.

28.    Cvent admits that what is recited in Paragraph 28 of the Complaint as appearing on Exhibit C to the Complaint does appear to be recited on Exhibit C to the Complaint.  Cvent denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.    Cvent denies the allegations contained in Paragraph 29 of the Complaint.

30.    Cvent denies that Exhibit D to the Complaint is evidence of trademark confusion.  Cvent denies that there has been any trademark confusion and that there is any likelihood of confusion.  Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and on that basis denies such allegations.

31.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis denies such allegations.

32.     Cvent denies that Plaintiff was operating under the name "connect" or that it implemented use of the name "connect" across its products and services prior to Cvent's first use of CVENT CONNECT.  Cvent lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint and on that basis denies such allegations.

33.     Cvent denies that it is required to seek a license, authorization, sponsorship, endorsement or approval by Plaintiff to use Cvent's federally registered CVENT CONNECT marks.  Cvent admits that the goods or services offered by Cvent under designations such as "CVENT Connect" and "CVENT Connect Trade Show" are not associated or connected with Plaintiff, nor would any customers or potential customers believe it to be so associated or connected.

34.     Cvent denies the allegations contained in Paragraph 34 of the Complaint.

35.     Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis denies such allegations.

36.     Cvent denies that its activities are unlawful or infringing or that they are causing confusion.  Cvent also denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Cvent denies the allegation in Paragraph 37 of the Complaint.

38.     With respect to Paragraph 38 of the Complaint, Cvent is not required to respond because Paragraph 38 contains a legal conclusion to which no response is required.  Cvent denies that constructive knowledge of a trademark registration could equate to constructive knowledge of use of a different mark.

39.     With respect to Paragraph 39 of the Complaint, Cvent is not required to respond at this time given the nature of the allegation.  Cvent lacks sufficient information to form a belief as to the prior use of Plaintiff's marks, or what Plaintiff believes and does not believe as stated in the allegations contained in Paragraph 39 of the Complaint and on that basis denies such allegations.  Cvent is investigating the remaining allegations and will respond at the appropriate time.

40.     Cvent denies the allegations in Paragraph 40 of the Complaint.

41.     Cvent denies the allegations in Paragraph 41 of the Complaint.

42.     Cvent denies that Cvent and Plaintiff offer competing and similar goods and services.  Cvent lacks sufficient information to form a belief as to the truth of

the remaining allegations contained in Paragraph 42 of the Complaint and on that basis denies such allegations.

43.    Cvent admits that it utilizes aspects of the Internet in connection with its business.  Cvent lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint and on that basis denies such allegations.

44.    Cvent denies the allegations contained in Paragraph 44 of the Complaint.

45.    Cvent denies the allegations contained in Paragraph 45 of the Complaint.

46.    Cvent denies the allegations contained in Paragraph 46 of the Complaint.

47.    Cvent denies the allegations contained in Paragraph 47 of the Complaint.

48.    Cvent admits that it was made aware of some of Plaintiff's alleged products and services prior to formal service of the Complaint.  Cvent denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.    Cvent denies the allegations contained in Paragraph 49 of the Complaint.

50.    Cvent denies the allegations contained in Paragraph 50 of the Complaint.

51.    Cvent is not required to respond to the allegations in Paragraph 51 of the Complaint because Paragraph 51 of the Complaint is merely an incorporation by reference.  To the extent that an answer may be required, Cvent incorporates by reference each and every response set forth in the preceding Paragraphs as if set forth fully herein.

52.    Cvent is not required to respond to the allegations in Paragraph 52 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent any response may be deemed required to any allegations in Paragraph 52 of the Complaint, Cvent denies the allegations in Paragraph 52 of the Complaint.

53.    Cvent is not required to respond to the allegations in Paragraph 53 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent any response may be deemed required to any allegations in Paragraph 53 of the Complaint, Cvent denies the allegations in Paragraph 53 of the Complaint.

54.    Cvent is not required to respond to the allegations in Paragraph 54 of the Complaint because it does not contain any allegations of fact, but rather states

legal conclusions. To the extent any response may be deemed required to any allegations in Paragraph 54 of the Complaint, Cvent denies the allegations in Paragraph 54 of the Complaint.

55. Cvent is not required to respond to the allegations in Paragraph 55 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions. To the extent any response may be deemed required to any allegations in Paragraph 55 of the Complaint, Cvent denies the allegations in Paragraph 55 of the Complaint.

56. Cvent is not required to respond to the allegations in Paragraph 56 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions. To the extent any response may be deemed required to any allegations in Paragraph 56 of the Complaint, Cvent denies the allegations in Paragraph 56 of the Complaint.

57. Cvent is not required to respond to the allegations in Paragraph 57 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions. To the extent any response may be deemed required to any allegations in Paragraph 57 of the Complaint, Cvent denies the allegations in Paragraph 57 of the Complaint.

58.     Cvent is not required to respond to the allegations in Paragraph 58 of the Complaint because Paragraph 58 of the Complaint is merely an incorporation by reference.   To the extent that an answer may be required, Cvent incorporates by reference each and every response set forth in the preceding Paragraphs as if set forth fully herein.

59.     Cvent is not required to respond to the allegations in Paragraph 59 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any allegations in Paragraph 59 of the Complaint, Cvent denies the allegations in Paragraph 59 of the Complaint.

60.     Cvent is not required to respond to the allegations in Paragraph 60 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any allegations in Paragraph 60 of the Complaint, Cvent denies the allegations in Paragraph 60 of the Complaint.

61.     Cvent denies the allegations in Paragraph 61 of the Complaint.

62.     Cvent is not required to respond to the allegations in Paragraph 62 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any

allegations in Paragraph 62 of the Complaint, Cvent denies the allegations in Paragraph 62 of the Complaint.

63.    Cvent denies the allegations in Paragraph 63 of the Complaint.

64.    Cvent is not required to respond to the allegations in Paragraph 64 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any allegations in Paragraph 64 of the Complaint, Cvent denies the allegations in Paragraph 64 of the Complaint.

65.    Cvent is not required to respond to the allegations in Paragraph 65 of the Complaint because Paragraph 65 of the Complaint is merely an incorporation by reference.   To the extent that an answer may be required, Cvent incorporates by reference each and every response set forth in the preceding Paragraphs as if set forth fully herein.

66.    Cvent is not required to respond to the allegations in Paragraph 66 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any allegations in Paragraph 66 of the Complaint, Cvent denies the allegations in Paragraph 66 of the Complaint.

67.    Cvent denies the allegations in Paragraph 67 of the Complaint.

68.    Cvent is not required to respond to the allegations in Paragraph 68 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any allegations in Paragraph 68 of the Complaint, Cvent denies the allegations in Paragraph 68 of the Complaint.

69.    Cvent is not required to respond to the allegations in Paragraph 69 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any allegations in Paragraph 69 of the Complaint, Cvent denies the allegations in Paragraph 69 of the Complaint.

70.    Cvent is not required to respond to the allegations in Paragraph 70 of the Complaint because Paragraph 70 of the Complaint is merely an incorporation by reference.   To the extent that an answer may be required, Cvent incorporates by reference each and every response set forth in the preceding Paragraphs as if set forth fully herein.

71.    Cvent is not required to respond to the allegations in Paragraph 71 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.   To the extent any response may be deemed required to any

allegations in Paragraph 71 of the Complaint, Cvent denies the allegations in Paragraph 71 of the Complaint.

72.    Cvent is not required to respond to the allegations in Paragraph 72 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent any response may be deemed required to any allegations in Paragraph 72 of the Complaint, Cvent denies the allegations in Paragraph 72 of the Complaint.

73.    Cvent is not required to respond to the allegations in Paragraph 73 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent any response may be deemed required to any allegations in Paragraph 73 of the Complaint, Cvent denies the allegations in Paragraph 73 of the Complaint.

74.    Cvent is not required to respond to the allegations in Paragraph 74 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent any response may be deemed required to any allegations in Paragraph 74 of the Complaint, Cvent denies the allegations in Paragraph 74 of the Complaint.

75.    Cvent is not required to respond to the allegations in Paragraph 75 of the Complaint because Paragraph 75 of the Complaint is merely an incorporation by

reference.  To the extent that an answer may be required, Cvent incorporates by reference each and every response set forth in the preceding Paragraphs as if set forth fully herein.

76.    Cvent lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and on that basis denies such allegations.

77.    Cvent denies the allegations in Paragraph 77 of the Complaint.

78.    Cvent is not required to respond to the allegations in Paragraph 78 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent any response may be deemed required to any allegations in Paragraph 78 of the Complaint, Cvent denies the allegations in Paragraph 78 of the Complaint.

79.    Cvent is not required to respond to the allegations in Paragraph 79 of the Complaint because it does not contain any allegations of fact, but rather states legal conclusions.  To the extent any response may be deemed required to any allegations in Paragraph 79 of the Complaint, Cvent denies the allegations in Paragraph 79 of the Complaint.

Cvent denies any unnumbered allegations in the Complaint, the headings, or that Plainiff is entitled to judgment or any of the relief requested in its prayer for

relief.  Cvent further denies any other allegations in the Complaint not specifically responded to above.

## CVENT'S COUNTERCLAIMS AGAINST PLAINTIFF

### THE PARTIES

1.     Cvent, Inc. ("Cvent") is a corporation organized under the laws of the State of Delaware with a principal place of business at 1765 Greensboro Station Place, 7th Floor, Tysons Corner, Virginia 22102.

2.     Cvent is informed and believes and therefore alleges that Tarsus Connect, LLC (hereinafter referred to as "Plaintiff") is a Delaware corporation having a place of business at 15 Technology Parkway South, Suite 250, Norcross, Georgia 30092.

### JURISDICTION AND VENUE

3.     These are counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and the Trademark Laws of the United States, 15 U.S.C. §§1051-1127, and, in the alternative, for trademark infringement pursuant to 15 U.S.C. § 1115, jurisdiction being conferred in accordance with 15 U.S.C. §1121 and 28 U.S.C. §1338(a).

4.     Venue is proper in this district in accordance with 28 U.S.C. § 1391 because Plaintiff does business in this judicial district.

## CVENT AND ITS FEDERALLY REGISTERED TRADEMARKS

5.     Cvent is a leading cloud-based enterprise event management company. Cvent offers software solutions to event planners for online event registration, venue selection, and event management, mobile apps for events, on-site event solutions, e-mail marketing and web surveys.   Cvent provides hoteliers with an integrated technology platform, enabling properties to increase group business demand through targeted advertising and improve conversion through proprietary demand management and business intelligence solutions.   Cvent's technology solutions optimize event management value chains and enable clients to manage meetings and events.

6.     Since at least at early as May 2000, Cvent has used its inherently distinctive CVENT mark as a source identifier for its products and services.

7.     Cvent is the owner of two U.S. federal Trademark Registrations for its CVENT name and mark, including U.S. federal Trademark Registration Numbers 2,784,562 (Exhibit 1) and 4,742,501 (Exhibit 2).

8.     Cvent is the owner of a U.S. federal Trademark Registration for its Internet domain name CVENT.COM, namely U.S. federal Trademark Registration Number 2,708,303 (Exhibit 13).

9.     Beginning at least as early as **January 22, 2015**, Cvent began use of the mark CVENT CONNECT in commerce to identify its Cvent user technology conference.

10.    The CVENT CONNECT conference is held to permit Cvent customers to interact directly with various Cvent experts, including client success consultants, account managers, and senior management, as well as to interact with other Cvent customers in peer-to-peer exchanges to learn best practices regarding the use of Cvent's solutions platform.  The CVENT CONNECT conference provides a forum for Cvent's customers to obtain information about Cvent's technology and how it can help them accomplish their meeting and event goals.

11.    Plaintiff assisted Cvent in marketing its first CVENT CONNECT conference in 2015.

12.    The Cvent's CVENT CONNECT mark is widely recognized by customers in the U.S. as a source identifier for Cvent's educational and business networking conference.

13.    Cvent is the owner of U.S. federal Trademark Registration No. 5,230,424 for the mark CVENT CONNECT (Exhibit 4).  Neither Plaintiff nor any of its predecessor companies ever filed any opposition with the United States Patent

and Trademark Office to Cvent's application to register the mark that ultimately issued as U.S. federal Trademark Registration No. 5,230,424.

14.    Cvent is also the owner of U.S. federal Trademark Registration No. 5,230,430 for the mark



(Exhibit 5).  Neither Plaintiff nor any of its predecessor companies ever filed any opposition with the United States Patent and Trademark Office to Cvent's application to register the mark that ultimately issued as U.S. federal Trademark Registration No. 5,230,430.

## PLAINTIFF AND ITS CONNECT MARKETPLACE MARK

15.    Cvent is informed and believes and therefore alleges that a third-party business entity known as Collinson and Company ("Collinson") was at one time formed and operated as a publishing company.

16.    Cvent is informed and believes and therefor alleges that on or about December 4, 2012, Collinson obtained U.S. federal Trademark Registration No. 4,252,551 for the mark CONNECT MARKETPLACE.   (Exhibit 3)

17.    Cvent is informed and believes and therefore alleges that an articles of conversion document dated December 2, 2016 was recorded at the United States

Patent and Trademark Office on February 28, 2017 pursuant to which Collinson purportedly transferred any rights to the mark CONNECT MARKETPLACE to Connect Meetings, LLC.

18.     Cvent is informed and believes and therefore alleges that a change of name document dated January 10, 2017 was recorded at the United States Patent and Trademark Office also on February 28, 2017 pursuant to which Connect Meetings, LLC purportedly transferred any rights in CONNECT MARKETPLACE to Plaintiff.

19.     CVENT CONNECT and CONNECT MARKETPLACE sound very different, have different connotations, and convey different commercial impressions.

20.     The CVENT CONNECT and CONNECT MARKETPLACE marks are used to provide different products and services through different channels of trade to different customers.

21.     Cvent's customers and Plaintiff's customers are highly sophisticated.

22.     Plaintiff's alleged U.S. federal Trademark Registration No. 4,252,551 for MARKETPLACE CONNECT was never cited by any examiner as a basis to refuse the applications of Cvent to register either of the CVENT CONNECT marks that issued as U.S. federal Trademark Registration Nos. 5,230,430 and 5,230,424.

23.    Cvent's customers and Plaintiff's customers are not making impulse purchases when purchasing services under Cvent's CVENT CONNECT mark or Plaintiff's CONNECT MARKETPLACE marks.

24.    There is not now and has never been any confusion and there is no likelihood of confusion between Cvent's use of CVENT CONNECT and Plaintiff's use of CONNECT MARKETPLACE.

**PLAINTIFF AND ITS JUNIOR USE OF THE TERM "CONNECT"**

25.    Cvent is informed and believes and therefore alleges that on or about **January 12, 2016,** Collinson – almost a year after Cvent already was using CVENT CONNECT for its conference -- issued a press release announcing that it was planning on operating under a new name, "Connect", to "more accurately represent[] the scope of the company's mission, which is to connect people, places and ideas." (Exhibit 6)

26.    Cvent is informed and believes and therefore alleges that on or about January 12, 2016, Collinson publicly announced that ownership of the company had not changed but that it was introducing "a new logo and website, connectmeetings.com." *Id*.

27.    Because the term "connect" as used by Plaintiff is to "more accurately represent[] the scope of the company's mission, which is to connect people, places

28

and ideas," it is by definition a weak mark and is incapable of inherent distinctiveness and is presumed as of the filing of the Complaint and these Counterclaims to lack sufficient strength to have acquired secondary meaning and operate as a source identifier.

28.     The term Connect as used by Plaintiff is extremely weak given that it "accurately represents the scope of [Plaintiff's] mission, which is to connect people, places and ideas."

29.     Plaintiff's alleged use of the term Connect is placed within a crowded field of marks that include the term "connect", including for example such marks as CONNECT TRADE SHOW at www.connecttradeshow (Exhibit 7), Grassroots Connect Tradeshow at https://connect.grassrootsoutdoors.com (Exhibit 8), CONNECT at www.connect.org (Exhibit 9), EventConnect.com at www.eventconnect.com (Exhibit 10), AT&T Connect for audio and video conferencing tools (Exhibit 11), and Specialty Connect (Exhibit 12), to name a few, as well as the more than 1,000 United States federal trademark Registrations believed to exist in International Class 035 that contain the term "connect".

30.     The customers of Cvent and Plaintiff are highly sophisticated.

31.     The customers of Cvent and Plaintiff are not making impulse purchases when purchasing services under Cvent's CVENT CONNECT mark or any of Plaintiff's marks.

32.     The term "connect" as used by Plaintiff is not a source identifier and is therefore not a trademark entitled to any protection.

33.     The entity from whom Plaintiff claims to have acquired rights in the term "Connect" began using "connect" alone almost a year **after** Cvent began its use of the mark CVENT CONNECT to identify the source of Cvent's conferences.  Any common law rights that Plaintiff proves it secured in the term "connect" are junior to Cvent's protectable rights in its federally registered CVENT CONNECT trademark.

34.     Cvent's federally registered CVENT CONNECT trademark is senior to, and has priority over, Plaintiff's alleged common law rights in the term "connect."

35.     To the extent there is any likelihood of confusion between Cvent's federally registered CVENT CONNECT and Plaintiff's claimed rights in the term "connect", Plaintiff is willfully infringing Cvent's federally registered rights in the mark CVENT CONNECT.

**COUNT ONE**
**DECLARATORY JUDGMENT OF**
**TRADEMARK NON-INFRINGEMENT**

36.    Cvent repeats and realleges each and every allegation in paragraphs 1-35 as though fully set forth herein.

37.    By reason of the existence of an actual and justiciable controversy, namely, that Plaintiff has filed a lawsuit against Cvent, and the foregoing facts, Cvent is entitled to a declaratory judgment that there is no likelihood of confusion between Cvent's use of its Federally Registered CVENT CONNECT mark and Plaintiff's claimed rights in the mark CONNECT MARKETPLACE and, therefore, that there is no trademark infringement by Cvent.

**COUNT TWO**
**DECLARATORY JUDGMENT THAT**
**PLAINTIFF HAS ACQUIRED NO PROTECTABLE**
**RIGHTS IN THE TERM "CONNECT"**

38.    Cvent repeats and realleges each and every allegation in paragraphs 1-35 as though fully set forth herein.

39.    By reason of the existence of an actual and justiciable controversy, namely, that Plaintiff has filed a lawsuit against Cvent, and the foregoing facts, Cvent is entitled to declaratory judgment that Plaintiff has acquired no common law trademark or otherwise protectable rights in the term "connect", or, certainly had not acquired any such rights before Cvent began using the mark CVENT CONNECT.

**COUNT THREE**
**DECLARATORY JUDGMENT OF**
**<u>NO FALSE DESIGNATION OF ORIGIN OR UNFAIR COMPETITION</u>**

40      Cvent repeats and realleges each and every allegation in paragraphs 1-35 as though fully set forth herein.

41.      Further, Cvent is entitled to declaratory judgment that because Plaintiff has not acquired any protectable rights in the term "connect" and because there is no likelihood of confusion between Cvent's use of its federally registered CVENT CONNECT mark and Plaintiff's use of the term "connect", there is no false designation of origin or unfair competition by Cvent.

**COUNT FOUR**
**(ALTERNATIVE) CLAIM FOR**
**<u>FEDERAL TRADEMARK INFRINGEMENT</u>**

42.      Cvent repeats and realleges each and every allegation in paragraphs 1-35 as though fully set forth herein.

43.      Cvent began using CVENT CONNECT as a mark in commerce at least as early as January 22, 2015, before Plaintiff or any alleged predecessor-in-interest acquired any protectable rights in the term "connect" alone.

44.      Cvent has obtained two U.S. federal trademark registrations for the mark CVENT CONNECT, including Registration Numbers 5,230,424 and 5,230,430.

45.    If is it found that there is a likelihood of confusion between Cvent's use of CVENT CONNECT and Counterclaim Defendants' use of the term "connect", then Cvent is entitled to injunctive relief to stop Plaintiff's unlawful use of the term "connect" and also to recover Plaintiff's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. § 1114, 1116 and 1117, as this is an exceptional case.

## PRAYER FOR RELIEF

WHEREFORE, without waiving any of its affirmative defenses, which are expressly incorporated herein by reference, CVENT demands a trial by jury, pursuant to Fed. R. Civ. P. 38(b) and respectfully requests that this Court:

a.    Dismiss the Complaint against CVENT in its entirety with prejudice;

b.    Enter judgment in favor of CVENT on its defenses;

c.    Enter declaratory judgment in favor of CVENT and against Plaintiff on Counterclaims I through III.

d.    Enter judgment in favor of CVENT and against Plaintiff on Counterclaim IV and award all injunctive relief, lost profits, damages, attorneys' fees and costs to which Cvent is entitled.

e.  Determine that this is an EXCEPTIONAL CASE and award CVENT its attorneys' fees and expenses of litigation incurred in defending against Plaintiff's claims;

f.  Hold a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues triable by jury.

g.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 16th day of April, 2018.

FELLOWS LABRIOLA LLP

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No. 257825
FELLOWS LABRIOLA LLP
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200 (phone)
(404) 586-9201 (fax)
hfellows@fellab.com

H. Jonathan Redway
DICKINSON WRIGHT PLLC
International Square
1825 Eye St. N.W., Suite 900
Washington, D.C. 20006
(202) 659-6946
jredway@dickinson-wright.com

*Attorneys for Defendant and
Counterclaimant CVENT, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on this day I electronically filed the foregoing

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF**

**CVENT, INC.** using the Court's CM/ECF system, which automatically will send

email notification of such filing to the following attorneys of record:

> Stephen M. Schaetzel
> Meunier Carlin & Curfman LLC
> 9999 Peachtree Street N.E.
> Suite 1300
> Atlanta, Georgia 30309
> sschaetzel@mcciplaw.com

This 16th day of April, 2018.

> /s/Henry D. Fellows, Jr.
> Henry D. Fellows, Jr.