# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TARSUS CONNECT, LLC,

     Plaintiff/Counter-Defendant,

     v.

CVENT, INC.

     Defendant/Counter-Plaintiff.

Case No.: 1:17-cv-05165-SCJ

**<u>JURY DEMANDED</u>**

## <u>TARSUS CONNECT, LLC'S FIRST AMENDED COMPLAINT</u>

Plaintiff Tarsus Connect, LLC (hereinafter referred to as "Tarsus Connect" or "Plaintiff") submits its First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1) against Cvent, Inc. ("Cvent" or "Defendant"). Plaintiff hereby alleges and avers as follows:

## <u>INTRODUCTION</u>

### 1.

This is an action for trademark infringement, unfair competition and trademark dilution. Plaintiff extensively uses the trademark "CONNECT" for exhibitions, trade shows, corporate events and related goods and services. Plaintiff uses the trademark CONNECT as a formative in other marks such as CONNECT

MARKETPLACE and more than twenty other CONNECT marks. Plaintiff has promoted and built a family of CONNECT trademarks, including but not limited to the mark CONNECT MARKETPLACE. Plaintiff owns U.S. Trademark Registration No. 4,252,551 for the mark CONNECT MARKETPLACE® as used for organizing, promoting and conducting exhibitions, trade shows and events for business purposes. *See* Exhibit A. Plaintiff has developed, at great effort and expense, an exceedingly valuable good will in the mark CONNECT and its associated CONNECT formative marks such as CONNECT MARKETPLACE (the "CONNECT MARKS").

2.

Cvent has adopted and is using, without authorization, various "Connect" designations, including "Cvent Connect" and "Cvent Connect Trade Show," for at least competing trade shows and corporate events. Additionally, Cvent has applied for, and received, federal registrations for two "Cvent Connect" designations as shown in U.S. Registration Nos. 5,230,424 and 5,230,430. *See* Exhibit I and J, respectively. On information and belief, Cvent obtained these registrations with constructive and/or actual knowledge of Tarsus Connect's prior adoption and use of the mark CONNECT and other CONNECT MARKS including the federally-registered mark CONNECT MARKETPLACE®. Defendant's unauthorized use of

2

such "Connect" designations is likely to cause confusion, mistake or deception with Plaintiff's mark CONNECT and CONNECT MARKS, in violation of federal and state laws. Defendant's unauthorized use of such "Connect" designations injures Plaintiff's goodwill and reputation as symbolized by its mark CONNECT and the CONNECT MARKS, including the federally registered trademark CONNECT MARKETPLACE®. In fact, Cvent's unauthorized use of "Connect" designations is causing actual confusion in the marketplace, and is in violation of the federal Lanham Act and state unfair competition law, as well as Tarsus Connect's common law rights. Cvent is passing itself off as being connected to or endorsed by or affiliated with Tarsus Connect when there is no such connection, endorsement, or sponsorship.

3.

Accordingly, Plaintiff seeks preliminary and permanent injunctive relief enjoining Cvent from causing a likelihood of confusion by use of any "Connect" designation. Plaintiff further seeks preliminary and permanent injunctive relief enjoining Cvent from the use of any mark, name or designation that is confusingly similar to Plaintiff's CONNECT MARKS, including the federally registered mark CONNECT MARKETPLACE®.  Plaintiff further seeks cancellation of U.S. Trademark Registration Nos. 5,230,424 and 5,230,430, which Defendant has

pleaded in this action.

## THE PARTIES

4.

Plaintiff Tarsus Connect is a Delaware limited liability corporation with a place of business at 15 Technology Parkway South, Suite 250, Norcross, Georgia 30092, which is within the Northern District of Georgia.

5.

Plaintiff Tarsus Connect is the successor in interest to Connect Meetings, LLC, a predecessor-in-interest that also had a place of business at 15 Technology Parkway South, Suite 250, Norcross, Georgia, 30092.

6.

Upon information and belief, Defendant Cvent, Inc. is a Delaware corporation with a place of business at 1765 Greensboro Station Place, 7th Floor, Tysons Corner, Virginia, 22102. Upon further information and belief, Cvent may be served with process via its registered agent, Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over the subject matter of this action pursuant to

the Lanham Act, including 15 U.S.C. §§ 1114, 1116, 1119, 1121 and 1125 and 28

U.S.C. §§ 1331, 1338, and 2201. This Court has supplemental jurisdiction over the

related state and common law claims pursuant to 28 U.S.C. § 1367.

8.

This Court has personal jurisdiction over the Defendant Cvent, including

because Defendant has committed acts of unfair competition in this jurisdiction,

and/or because Defendant has committed acts of infringement and caused the

infringing goods and services to enter the stream of commerce such that they will

reach and affect parties in this jurisdiction, including the Plaintiff, and/or because

Defendant has sufficient contacts with Georgia to subject it to personal jurisdiction.

Defendant has availed itself of this Court by asserting a claim for trademark

infringement in this action.

9.

Venue is proper in this jurisdiction, including pursuant to 28 U.S.C. §

1391(b), because Defendant Cvent is deemed to reside in this judicial district by

virtue of this Court's personal jurisdiction over the Defendant, and/or because the

causes of action asserted in this Complaint arise out of Cvent's actions within this

judicial district, and/or because Cvent's actions have caused injury to Plaintiff in

this judicial district. Defendant has availed itself of this Court by asserting a claim

for trademark infringement in this action.

## FACTUAL BACKGROUND

10.

Tarsus Connect is a leading travel hospitality company that provides trade shows, corporate events, exhibitions and related goods and services throughout the United States, on both a national and a regional level.

11.

Tarsus Connect offers a wide range of travel hospitality related goods and services. For example, Plaintiff has for many years: (a) organized, promoted and conducted exhibitions, trade shows and corporate events for the business travel and meetings sectors; (b) offered reverse-style trade shows for professional planners in the hospitality industry; (c) offered various publications directed to markets such as the corporate, association, faith and sports planning sectors; and (d) offered services that allow a client to create its own publication targeted to a specific client within the hospitality or meetings industry.

12.

Plaintiff uses the mark CONNECT to identify and distinguish its goods and services. The relevant public recognizes Tarsus Connect's goods and services offered and provided under the mark CONNECT to be sponsored by and/or

associated with Plaintiff. Such goods and services are of high quality and excellent reputation.

13.

Beginning at least as early as March of 2009, Plaintiff, through its predecessor-in-interest, began using the mark CONNECT. Tarsus Connect has hosted such "Connect Marketplace" trade shows since as early as 2009. *See* Exhibit K (2009 "CONNECT" Magazine and Marketplace guide).  As shown, at least as early as 2009, Tarsus Connect used both the mark CONNECT and the mark CONNECT MARKETPLACE.

14.

Plaintiff's use of the mark CONNECT grew, and is extensive. For example, Tarsus Connect uses the mark CONNECT in association with national events directed to professionals who plan conferences that rotate throughout the nation. Further, Tarsus Connect uses the mark CONNECT in association with vertical events directed to professionals who plan conferences that rotate throughout the nation within a particular market segment. Yet further, Tarsus Connect uses the mark CONNECT in association with events directed to professionals who plan conferences that rotate throughout a specific state or region.

15.

For example, Plaintiff offers goods and services under the trademark CONNECT at websites such as www.collaboratemeetings.com and www.connectsports.com.

16.

Plaintiff has adopted and used other marks that use CONNECT as a formative, such as CONNECT MARKETPLACE, CONNECT GEORGIA, CONNECT DIVERSITY and CONNECT SPORTS where the trademark CONNECT is the root term of such other marks. *See* Exhibit B.

17.

In fact, Plaintiff has offered and provided its goods and services under the following CONNECT trademarks:

> Connect Association
> Connect California
> Connect Chicago
> Connect China
> Connect Corporate
> Connect DC
> Connect Diversity
> Connect Dubai
> Connect Expo
> Connect Faith
> Connect Marketplace
> Connect Florida
> Connect Georgia
> Connect Hawaii
> Connect Incentive
> Connect Medical

8

Connect Missouri
Connect New England
Connect NYC
Connect Ohio
Connect Pacific Northwest

18.

In such other CONNECT marks, both the root term CONNECT and the resulting composite CONNECT mark (e.g., CONNECT ASSOCIATION, CONNECT CALIFORNIA, etc.) identify a good and/or service of Tarsus Connect. Plaintiff has promoted and developed these composite marks both separately and together with the mark CONNECT so as to create a family of CONNECT marks. Accordingly, as denominated above, these marks are referred to collectively as the "CONNECT MARKS." Both the formative mark CONNECT and the CONNECT MARKS are recognized and relied upon by the public to distinguish Plaintiff's products and services from those of others.

19.

Plaintiff has used the mark CONNECT and the CONNECT MARKS in various media, including on websites, written publications, advertisements and in association with its own trade show.

20.

For example, Plaintiff publishes magazines under certain of its CONNECT

MARKS, including:

    a.  "CONNECT CORPORATE" – directed to corporate, expo and incentive meeting planners;

    b.  "CONNECT ASSOCIATION" – directed to association and specialty meeting planners;

    c.  "CONNECT SPORTS" – directed to competitive event organizers and sports event planners; and

    d.  "CONNECT FAITH" – directed to faith-based organizers and planners.

*See* [www.connectmeetings.com/media](www.connectmeetings.com/media).

21.

As noted above, Tarsus Connect also hosts an annual trade show under the mark CONNECT MARKETPLACE, which is attended by meeting and planning professionals and various suppliers of related goods and services, known as the "CONNECT MARKETPLACE Trade Show" and/or the "CONNECT Show." The 2017 Connect Marketplace Trade Show had over 100 sponsors and executive partners, including entities such as Delta Airlines, and various municipalities and hotels/resorts. The next "Connect Marketplace Trade Show" will occur in August of 2018 in Salt Lake City, Utah, and registration for that event is already underway.

22.

On the strength of such use of the mark CONNECT MARKETPLACE,

Plaintiff obtained U.S. Trademark Registration No. 4,252,551 for said mark as used in association with "organizing, promoting and conducting exhibitions, tradeshows and events for business purposes." Tarsus Connect did not disclaim any rights to use the term "CONNECT." That federal registration, issued December 4, 2012, is valid and in full force and effect. *See* Exhibit A.

23.

U.S. Registration No. 4,252,551 is incontestable and constitutes *prima facie* evidence of Plaintiff's exclusive right to use the mark shown therein in connection with the goods and services recited in that registration.

24.

Through Tarsus Connect's extensive and widespread use of the mark CONNECT and the CONNECT MARKS, including but not limited to the federally registered mark CONNECT MARKETPLACE®, the relevant public has come to recognize the mark CONNECT and the CONNECT MARKS as identifying Plaintiff as the source of such products and services. Tarsus Connect has specially promoted and developed and as a result owns a family of CONNECT Marks that use the root mark "CONNECT" as formative in association with goods and services directed to meeting and event planners in the hospitality industry, as shown herein.

11

25.

As a result of Tarsus Connect's widespread use of the mark CONNECT and the CONNECT MARKS, the extensive sales enjoyed under the mark CONNECT and the CONNECT MARKS, and widespread advertising and promotion of Plaintiff's goods and services under the mark CONNECT and the CONNECT MARKS, Plaintiff has developed substantial value and goodwill in the mark CONNECT and the CONNECT MARKS, including the federally registered mark CONNECT MARKETPLACE® trademark. The relevant public recognizes and expects that products and services sold under the mark CONNECT and the CONNECT MARKS (including the mark CONNECT MARKETPLACE®), will be of the high quality and reliability for which Tarsus Connect's products and services are known.

## CVENT'S INFRINGING ACTIVITIES

26.

Defendant Cvent is also in the travel hospitality and trade show business.

27.

Prior to 2015, on information and belief, Cvent was aware of Tarsus Connect's prior use of the mark CONNECT and at least certain of the CONNECT

MARKS. In disregard of Plaintiff's prior use of and superior rights, including Plaintiff's federally-registered mark CONNECT MARKETPLACE®, Cvent has adopted the designation "Connect" and "Cvent Connect" for competing goods and services, including trade shows directed to meeting and event professionals. More particularly, Cvent is, without authorization, using a colorable imitation of Plaintiff's marks as part of designations such as "Cvent Connect 2017" and "Cvent Connect Trade Show." An example of such unauthorized use is shown below:



*See also* Exhibit C. Plaintiff believes this use was available at:

www.CVENTconnect.com/events/CVENT-connect-2017/custom-

377347c3032d43431ca7b4fd2adee53ba2.aspx.  *See id.*  Yet another unauthorized

use can be found at http://www.Cventconnect.com/events/Cvent-connect-

2018/event-summary-1071483f81704ec49f48307cebaf2e42.aspx.

28.

Cvent has claimed that during its "Connect" tradeshow, "event [planning]

professionals have the chance to attend … pre-scheduled appointments, providing

the opportunity to meet with and source Cvent's extensive network of … key event

industry partners." Exhibit L. Cvent has used and is using the Plaintiff's mark

CONNECT for the same type of trade show offered to the same type or class of

purchasers as that offered by Plaintiff under the mark CONNECT and the

CONNECT MARKS, including the federally registered CONNECT

MARKETPLACE® trademark.

29.

The goods or services offered by Cvent under one or more "Connect"

designations compete with the goods and/or services offered and provided by

Plaintiff under the mark CONNECT and the CONNECT MARKS, including

Plaintiff's federally registered CONNECT MARKETPLACE® trademark.

30.

Use of the designation "Connect" by Defendant is likely to cause confusion.

14

For example, a Google® search of the Internet for the terms "trade show" and "Connect" generates listings referring to Cvent's goods and/or services. *See* Exhibit D.

31.

The parties' respective goods and/or services are offered through identical or overlapping channels of trade.

32.

On information and belief, Plaintiff has used the mark CONNECT continuously for at least six (6) years before Cvent began to use a "Connect" designation in connection with a trade show or other related goods or services.

33.

On information and belief prior to use of the designation "Cvent Connect," Cvent had actual knowledge of Plaintiff's prior use of at least the marks CONNECT and CONNECT MARKETPLACE.  In 2014, Cvent was a "Gold Level" sponsor of Tarsus Connect's CONNECT MARKETPLACE August trade show.  And, Cvent was identified as a "Gold Level" sponsor in the September/October 2014 CONNECT MARKETPLACE program guide. *See* Exhibit H.

34.

Further, on information and belief, and particularly in view of the nature of

15

Defendant's meeting and event planning services, Cvent is believed to have had actual knowledge of Plaintiffs' prior use of its mark CONNECT or one of the CONNECT MARKS.

35.

Despite constructive knowledge and, on information and belief, actual knowledge of Plaintiff's prior use of the mark CONNECT and one or more of the other CONNECT MARKS, Defendant applied for and obtained a U.S. Trademark Registration for the mark "Cvent Connect" identified by Registration No. 5,230,424 (the "'424 Registration"). *See* Exhibit I. The '424 Registration is summarized below:

Mark:          **CVENT CONNECT**

Registration Date:          June 27, 2017

Date of First Use:          June 16, 2015

IC 035 Services:    Business networking services; arranging and conducting business conferences in the fields of event planning, venue sourcing, hotel group sales, marketing and promotion, customer and attendee information, customer and attendee relationship management, sales support, and employee efficiency.

IC 041 Services:    Educational services, namely, conducting seminars, conferences, workshops, and computer

16

application training in the fields of event planning, venue sourcing, hotel group sales, marketing and promotion, customer and attendee information, customer and attendee relationship management, sales support, employee efficiency, and distributing course materials in connection therewith.

On information and belief, Cvent executed the application but did not inform the U.S. Patent and Trademark Office of Tarsus Connect's prior use or U.S. Registration No. 4,252,551.

36.

Despite constructive knowledge and, an information and belief, actual knowledge of Plaintiff's prior use of the mark CONNECT and one or more of the CONNECT MARKS, Defendant applied for and obtained U.S. Trademark Registration No. 5,230,430 for the mark "Cvent Connect" and Design (the "'430 Registration"). *See* Exhibit J. The '430 Registration is summarized below:



Mark:

Registration Date:        June 27, 2017

Date of First Use:        June 16, 2015

17

IC 035 Services:  Business networking services; arranging and conducting business conferences in the fields of event planning, venue sourcing, hotel group sales, marketing and promotion, customer and attendee information, customer and attendee relationship management, sales support, and employee efficiency.

IC 041 Services:  Educational services, namely, conducting seminars, conferences, workshops, and computer application training in the fields of event planning, venue sourcing, hotel group sales, marketing and promotion, customer and attendee information, customer and attendee relationship management, sales support, employee efficiency, and distributing course materials in connection therewith.

On information and belief, Cvent executed the application but did not inform the U.S. Patent and Trademark Office of Tarsus Connect's prior use or U.S. Registration No. 4,252,551.

37.

The '424 and '430 Registrations are not incontestable.

38.

On information and belief, Cvent cannot establish a priority date prior to January of 2015 for either mark shown in either of the '424 or '430 Registrations.

39.

The goods or services offered by Cvent under designations such as "Cvent

18

Connect" and "Cvent Connect Trade Show" are not associated or connected with

Tarsus Connect, nor is Cvent associated or connected with Tarsus Connect, nor is

Cvent or its use of the designation "Connect" for any goods or services licensed,

authorized, sponsored, endorsed, or approved by Tarsus Connect in any way.

40.

Cvent's use of "Connect," including as part of designations such as "Cvent

Connect" and/or "Cvent Connect Trade Show," has caused actual confusion. Such

actual confusion, and the associated likelihood of confusion, deception, and

mistake engendered by Cvent's misappropriation and misuse of Plaintiff's

CONNECT mark and Plaintiff's CONNECT MARKS, is causing irreparable harm

to the goodwill embodied in Plaintiff's mark CONNECT and CONNECT

MARKS. For example, the designation "Cvent Connect" is likely to be confused as

one of Tarsus Connect's family of CONNECT MARKS.

41.

For example, Plaintiffs received the following correspondence from

businesses that confused a "Cvent Connect" event as one of Plaintiff's CONNECT

events:

    a.   In May of 2017, when Plaintiff reached out to

Chateau on the Lake Resort, Spa & Convention Center to follow-

up with them regarding a proposal, the customer replied that the proposal had already been signed and emailed (*see* Exhibit E). Plaintiffs then called the customer, who informed Plaintiff, "So sorry, I had you confused with Cvent Connect."

      b.    In June of 2017, a Travel Tacoma employee was sent an email about Cvent Connect, and forwarded it to Plaintiff, asking "Do you know what this is?" (*See* Exhibit F).

      c.    In June of 2017, a consumer from the Sheraton Chicago O'Hare Airport called Plaintiff, telling Plaintiff that she had been to its show. The show she had been to was not affiliated with Plaintiff, but was instead a Cvent show (*see* Exhibit G).

There are other instances of actual consumer confusion known to Tarsus Connect.

42.

Cvent's unlawful and infringing activities are likely to continue causing actual confusion among customers, prospective customers and others. Relevant purchasers have been, and will likely continue to be, confused into believing that Cvent tradeshows, business conferences and related events are sponsored by or endorsed by or affiliated with Tarsus Connect.

20

43.

Such confusion or mistake is especially damaging with respect to persons who perceive a defect or lack of quality in Cvent's tradeshows and other events. By causing such actual confusion, and such a likelihood of confusion, Cvent has inflicted and is inflicting irreparable harm to Plaintiff's goodwill as symbolized by Plaintiffs' mark CONNECT and the CONNECT MARKS. On information and belief, a defect or lack of quality in Cvent's tradeshows has been perceived by at least one former Tarsus Connect customer. Such actual confusion has inflicted and is inflicting irreparable harm to Plaintiff's goodwill as symbolized by the Plaintiff's mark CONNECT and the CONNECT MARKS, including the federally registered mark CONNECT MARKETPLACE®.

44.

On information and belief, Defendant's unauthorized use of a colorable imitation of Plaintiff's CONNECT mark and/or the CONNECT MARKS has been made in an effort to confuse, mislead, deceive or cause the relevant public to mistakenly believe that Defendant's goods and services originate with or are approved by Plaintiff, or that Defendant's trade show is another of Plaintiff's many trade shows offered under Plaintiff's mark CONNECT or one or more of Plaintiff's CONNECT MARKS, including the federally registered mark CONNECT

21

MARKETPLACE®.

## 45.

Plaintiff and Defendant compete for customers in the travel hospitality industry.

## 46.

Plaintiff and Defendant offer competing and similar goods and services. At minimum, Plaintiff and Defendant offer related goods and services.

## 47.

Plaintiff and Defendant offer their respective goods and services on the Internet.

## 48.

Cvent's use of Plaintiff's mark CONNECT in a "Connect" designation such as "Cvent Connect," with or without an accompanying design or otherwise, creates a false impression of association, affiliation, connection, endorsement, or sponsorship of Cvent or Cvent's goods and/or services by or with Plaintiff.

## 49.

Cvent's use of a "Connect" designation in connection with Cvent's goods and services violates Plaintiff's superior and exclusive rights, including its

common law rights, in the mark CONNECT and the CONNECT MARKS (including the federally registered mark CONNECT MARKETPLACE®), including by using a designation that is likely to appear as one of Plaintiff's family of CONNECT trademarks.

50.

Cvent's use of a "Connect" designation in connection with Cvent's goods and services is likely to cause confusion, mistake or deception with Plaintiff's use of the mark CONNECT and/or the CONNECT MARKS.

51.

Cvent's actions have caused, and continue to cause, irreparable harm to Plaintiff.

52.

On information and belief, Cvent is aware of Plaintiff's products and services, as well as Plaintiff's prior use of the mark CONNECT and at least one of Plaintiff's other CONNECT MARKS. *See, e.g.*, Exhibit H.

53.

On information and belief, Cvent has willfully and unlawfully attempted to trade on the commercial value, reputation, and goodwill of Plaintiff and has deliberately and intentionally confused and deceived the public.

23

54.

Tarsus Connect has suffered and is continuing to suffer irreparable harm as Plaintiff has lost and is losing control over the use of its common law and statutory trademark rights, and as Cvent benefits unlawfully from misappropriation of the goodwill symbolized by Plaintiff's mark CONNECT and the CONNECT MARKS, including the federally-registered mark CONNECT MARKETPLACE®. Plaintiff has also suffered damages.

**COUNT ONE**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(a))**

55.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-54 as if fully set forth herein.

56.

Cvent's unauthorized use of "Connect," including as part of the designation "Cvent Connect," has caused, and is likely to continue causing, confusion, mistake or deception with regard to Plaintiff's prior use of its federally-registered CONNECT MARKETPLACE® trademark in violation of 15 U.S.C. §1114.

57.

Cvent's unauthorized use of a "Connect" designation has caused and is likely to cause confusion, deception or mistake with Tarsus Connect's federally-registered trademark by creating the false and misleading impression that Cvent's goods and/or services are offered by Plaintiff, or are affiliated, connected or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

58.

The relevant public has been, and is likely to continue to be, confused into believing that Cvent's goods and/or services offered in association with such designations as "Cvent Connect," "Cvent Connect 2017," or "Cvent Connect Trade Show," originate with Plaintiff, owner of the federally-registered trademark CONNECT MARKETPLACE®, in violation of 15 U.S.C. §1114.

59.

Cvent has used colorable imitations of Plaintiff's federally-registered CONNECT MARKETPLACE® trademark in connection with the same or related goods and services, all in violation of 15 U.S.C. §1114. Cvent's unlawful acts have caused actual confusion, a likelihood of confusion, and, unless enjoined by this Court, will continue to cause actual confusion and a likelihood of confusion. Further, Cvent's unlawful acts will continue to injure Plaintiff's goodwill and

reputation as symbolized by the federally registered CONNECT

MARKETPLACE® trademark, for which Plaintiff has no adequate remedy at law.

60.

Cvent's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's federally registered CONNECT MARKETPLACE® trademark, to Plaintiff's great and irreparable injury.

61.

Cvent has caused and is likely to continue causing substantial injury to the public and to Tarsus Connect. Plaintiff is entitled to injunctive relief and to recover Cvent's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT TWO**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. §§ 1125(a))**

62.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-54 as if fully set forth herein.

63.

Defendant's use of the confusingly similar "Connect" designations has caused, and is likely to cause confusion, deception and mistake by creating the

26

false and misleading impression that Defendant's trade shows, and other goods and services offered in association therewith, such as those directed to meeting and event planners, are offered by, affiliated, connected or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

64.

Defendant has made false representations, false descriptions and/or false designations of origin of their services in violation of 15 U.S.C. §1125(a). Defendant's actions have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, deception and mistake of the relevant public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS (including Plaintiff's family of CONNECT MARKS), and Plaintiffs federally-registered mark CONNECT MARKETPLACE®.

65.

The goods or services offered and rendered by Cvent under the various "Connect" designations are of the same nature and type as the services offered and rendered by Plaintiff under its mark CONNECT, and its CONNECT MARKS, including the federally-registered CONNECT MARKETPLACE® trademark.

27

66.

Cvent's use of confusingly similar "Connect" designations has caused, and is likely to continue causing, confusion, deception or mistake by creating the false and misleading impression that Cvent's services are offered or rendered by Plaintiff, or are affiliated, connected or associated with Tarsus Connect or have the sponsorship, endorsement or approval of Tarsus Connect. Plaintiff has no adequate remedy at law.

67.

Cvent's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, Plaintiff's family of CONNECT marks, and Plaintiff's federally registered mark CONNECT MARKETPLACE®, to the irreparable injury of Plaintiff.

68.

Cvent's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief and to recover Cvent's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125(a), 1116 and 1117.

**COUNT THREE**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR**

## COMPETITION

### 69.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of Paragraphs 1-54 as if fully set forth herein.

### 70.

Cvent's acts constitute common law trademark infringement and unfair competition under federal law and the laws of the State of Georgia, have created actual confusion, a likelihood of confusion, and will continue to create a likelihood of confusion, all to the irreparable injury of Plaintiff unless restrained by this Court. Tarsus Connect has no adequate remedy at law for this injury.

### 71.

On information and belief, Cvent acted with knowledge of Plaintiff's prior use of Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, Plaintiff's family of CONNECT marks, and/or with actual or constructive knowledge of Plaintiffs' statutory and common law rights to the federally-registered CONNECT MARKETPLACE® trademark, without regard to the likelihood of confusion of the public created by Cvent's activities.

### 72.

Cvent's actions demonstrate an intentional, willful and malicious intent to

29

trade on the goodwill associated with Plaintiff's mark CONNECT, Plaintiff's
CONNECT MARKS, Plaintiff's family of CONNECT marks and Plaintiff's
federally-registered CONNECT MARKETPLACE® trademark, to the great and
irreparable injury of Plaintiffs. Plaintiff is entitled to injunctive relief.

73.

As a result of Cvent's past and ongoing acts of infringement and unfair
competition, Plaintiff has been damaged in an amount not as yet determined or
ascertained. At a minimum, however, Plaintiff is entitled to injunctive relief, an
accounting of Cvent's profit, damages and costs. Further, on information and
belief, in light of Cvent's intentional use of confusingly similar imitations of
Plaintiff's mark CONNECT, Plaintiff's CONNECT MARKS, one or more of
Plaintiff's family of CONNECT trademarks and Plaintiff's federally-registered
CONNECT MARKETPLACE® trademark, Plaintiff is entitled to damages. Yet
further, in view of the need to deter Cvent from similar conduct in the future,
Plaintiff is entitled to compensatory and punitive damages.

**COUNT FOUR**
**FOURTH CLAIM FOR RELIEF**
**(UNFAIR AND DECEPTIVE TRADE PRACTICES;**
**O.C.G.A. §10-1-370 et seq.)**

74.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations in paragraphs 1-54 as if fully set forth herein.

75.

Defendant has been passing off its trade shows, including any related goods and services, as those of the Plaintiff, Tarsus Connect, causing a likelihood of confusion or of mistake as to the source, sponsorship or approval of Defendant's trade shows, events and any associated goods and services, causing a likelihood of confusion or of mistake as to Defendant's affiliation, connection or association with Plaintiff and/or Plaintiff's exhibitions, trade shows and events, thus damaging Plaintiff and the public.

76.

Defendant's conduct constitutes unfair and deceptive acts or practices in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. §10-1-370 to §10-1-375.

77.

Defendant's unauthorized use of confusingly similar imitations of Tarsus Connect's mark CONNECT, the CONNECT MARKS, one or more of the CONNECT family of marks, and the CONNECT MARKETPLACE® trademark, constitutes passing off Defendant's goods and services as those of Plaintiff through

Defendant's adoptive and use of Plaintiff's marks for competing products and services in the same channels of trade to the same type of customers. On information and belief, such actions have been intentional. Defendant has and is likely to cause damage to Tarsus Connect in violation of O.C.G.A. §10-1-372.

78.

Plaintiffs have no adequate remedy at law, and are entitled to preliminary and permanent injunctive relief. Plaintiffs are further entitled to recover costs and reasonable attorney's fees.

**COUNT FIVE**
**TRADEMARK DILUTION**
**(O.C.G.A §10-1-370 et seq.)**

79.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations in paragraphs 1-54 as if fully set forth herein.

80.

Plaintiff first adopted the mark CONNECT and the CONNECT MARKS, including the mark CONNECT MARKETPLACE®, and uses those marks for goods and services in this jurisdiction and elsewhere.

81.

Defendant's use of a "Connect" designation, including as part of "Cvent

Connect" as identified in the '424 and '430 Registrations, and other designations, is similar to Plaintiff's use of its mark CONNECT and its CONNECT MARKS. Defendant's use of a "Connect" designation is likely to injure Plaintiff's business reputation and/or likely to dilute the distinctive quality of Plaintiff's mark CONNECT and the CONNECT MARKS (including the mark CONNECT MARKETPLACE®).

82.

Defendant has thus diluted Plaintiff's trademark and service mark rights in violation of the Georgia Anti-Dilution Statute, O.C.G.A. §10-1-451(b). Such dilution has caused irreparable harm to Plaintiff, for which there is no adequate remedy at law. Unless enjoined by the Court, on information and belief, Plaintiff will continue to suffer irreparable harm.

83.

Plaintiff is entitled to preliminary and permit injunctive relief under O.C.G.A. §10-1-451(b).

### COUNT SIX
### UNFAIR COMPETITION AND ENCROACHMENT IN VIOLATION OF GEORGIA COMMON AND STATUTORY LAW (O.C.G.A. §223-2-55)

84.

Plaintiff repeats, realleges and incorporates herein by reference the

33

allegations of Paragraphs 1-54 above by reference as if fully set forth herein.

85.

Plaintiff has superior rights in and to the mark CONNECT and the CONNECT MARKS as set forth hereinabove.

86.

The actions of Cvent described herein and specifically, without limitation, its unauthorized use in commerce of a confusingly similar "Connect" designation, including but not limited to "Cvent Connect" and/or "Cvent Connect 2017" and/or "Cvent Connect Trade Show" or other confusingly similar variations thereof to advertise, promote, market, and sell its goods and services, constitutes unfair competition in violation of O.C.G.A. §23-2-55, and further constitutes unfair competition with Tarsus Connect and an encroachment upon Plaintiff's business in violation of common law of the State of Georgia.

87.

As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Tarsus Connect is entitled to preliminary and permanent injunctive relief against such actions.

**COUNT SEVEN**
**CANCELLATION OF U.S. REGISTRATION NOS. 4,230,424 AND 5,230,430**
**(15 U.S.C. §1119)**

88.

Plaintiff repeats, re-alleges and incorporates herein by reference the allegations in Paragraphs 1-54 above by reference as if fully set forth herein.

89.

Defendant Cvent claims ownership of and asserts in this action two registered trademarks identified by the '424 Registration and the '430 Registration. With reference thereto, this Court is granted jurisdiction pursuant to Section 37 of the Lanham Act (15 U.S.C. §1119) to "determine the right to registration, order the cancelation of registrations, in whole or in part … and otherwise rectify the register with respect to the registrations of any party."

90.

Defendant's "Cvent Connect" mark as shown in the '424 Registration is confusingly similar to Tarsus Connect's previously adopted mark CONNECT and/or its CONNECT MARKS because there is a likelihood of confusion, mistake or deception in violation of federal and state statutory and common law. Accordingly, the '424 Registration should be canceled pursuant to 15 U.S.C. §§1064 and 1119.

91.

Defendant's "Cvent Connect" mark as shown in the '430 Registration is confusingly similar to Tarsus Connect's previously adopted mark CONNECT and/or its CONNECT MARKS because there is a likelihood of confusion, mistake or deception in violation of federal and state statutory and common law. Accordingly, the '430 Registration should be canceled pursuant to 15 U.S.C. §§1064 and 1119.

92.

Pursuant to the Lanham Act, 15 U.S.C. §§1119 and 1064, this Court has jurisdiction to order the United States Patent and Trademark Office to make appropriate entries on the Federal Register with respect to the subject marks, and their inability to be registered. Due to their confusingly similar nature and in view of Tarsus Connect's prior and superior rights, the Court should cancel both registrations from the Federal Register.

93.

Cvent, by way of obtaining the '424 and 430 Registrations, has created actual confusion, a likelihood of confusion, and will continue to create a likelihood of confusion, all to the irreparable injury of Plaintiff unless restrained by this Court. Accordingly, Cvent's '424 and '430 Registrations should be cancelled in

their entirety.

## PRAYER FOR RELIEF

Plaintiff therefore prays that:

1.     That the Court enter judgment that CVENT has engaged in: trademark and service mark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114), in making a false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), in common law trademark and service mark infringement and unfair competition has engaged in violation of O.C.G.A. §23-2-55, in trademark and service mark dilution in violation of O.C.G.A. §10-1-451(b), in deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. §10-1-372), and has acted in bad faith, and/or been stubbornly litigious, and/or has caused unnecessary trouble and expense in violation of O.C.G.A. §13-6-11;

2.     Cvent, and all agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by through or under authority from or in concert or participation with Cvent, be permanently enjoined from:

a.          using the mark CONNECT, and/or any confusingly similar

"Connect" designation, or any other copy, reproduction, colorable imitation, or simulation of the mark CONNECT, on or in connection with Cvent's services including;

b.         using any trademark, service mark, name, logo, design or source designation that includes the mark CONNECT, or any copy, reproduction, colorable imitation, or simulation, or term confusingly similar thereto, on or in connection with Cvent's services, that is likely to cause confusion, mistake, or deception in violation of federal and/or state laws;

c.         using any trademark, service mark, name, logo, design or source designation that includes any of Plaintiff's CONNECT MARKS, formative CONNECT mark, and any member of Plaintiff's CONNECT family of Marks, including the federally-registered CONNECT MARKETPLACE trademark, or any copy, reproduction, colorable imitation or simulation, or any term confusingly similar thereto, that is likely to cause confusion, mistake or deception in violation of federal and/or state laws;

d.         from diluting Plaintiff Tarsus Connect's distinctive trademarks;

e.         from encroaching upon Plaintiff's mark CONNECT and/or CONNECT MARKS, or falsely designating the origin of its goods and services or otherwise competing unfairly; and

38

f.        passing off, palming off or assisting in passing off or palming off, Cvent's goods and/or services as those of Plaintiff's, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint, whether in violation of federal or state law;

2.     That Cvent be ordered to stop organizing, promoting or conducting services, and/or from selling any goods bearing any CONNECT mark or "Connect" designation, or any mark or designation confusingly similar to Plaintiff's CONNECT trademark, any of the CONNECT MARKS, any formative CONNECT mark, and any member of the CONNECT family of Marks, including the federally-registered mark CONNECT MARKETPLACE®, and be ordered to deliver a copy of such order to any affected third party including any but not limited to, any buyer/ attendee, supplier/ exhibitor or marketer, and also to deliver to each customer a copy of such order as it relates to said injunctive relief against Cvent;

3.       That Cvent be ordered to deliver up for impounding and for destruction all paper products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material or other materials in the possession, custody or control of Cvent that are found to adopt or infringe any of Plaintiff's trademarks or that otherwise unfairly compete with Plaintiff and its products and services;

39

4.     That Defendant's U.S. Trademark Registration Nos. 4,230,424 and 5,230,430 be, in their respective entireties, cancelled;

5.     That Plaintiff Tarsus Connect recover its actual damages caused by Cvent's conduct, and that such award be trebled;

6.     That Cvent be compelled to account to Plaintiff for any and all profits derived by Cvent under 15 U.S.C. §1117, O.C.G.A. §51-1-6 and the common law, and that based on Cvent's known and intentional use of confusingly similar imitations of Plaintiff's mark CONNECT, any of Plaintiff's CONNECT MARKS, any of Plaintiff's family of CONNECT Marks or any of Plaintiff's formative CONNECT marks, including Plaintiff's federally-registered CONNECT MARKETPLACE® trademark, that the damages award be trebled and/or the award of Cvent's profits be enhanced;

7.     That Plaintiff Tarsus Connect be awarded punitive damages pursuant to O.C.G.A. §§ 51-12-5.1 in light of Cvent's fraudulent, intentional and willful intent to mislead, deceive or confuse the public and the need to deter Cvent from similar conduct in the future;

8.     That Cvent be required to pay to Plaintiff the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. §1117 and the state statutes cited in this Complaint;

40

9.      That Plaintiff be awarded prejudgment interest; and

10.      That Plaintiff be awarded such other and further relief as the Court may

deem just and proper.

Submitted this 7th day of May 2018.

By:  /s/ Stephen M. Schaetzel
Stephen M. Schaetzel
*sschaetzel@mcciplaw.com*
Georgia Bar No. 628653
Sarah M. Kessler
*skessler@mcciplaw.com*
Georgia Bar No. 597123
Ashley N. Klein
*aklein@mcciplaw.com*
Georgia Bar. No. 579502
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE
Suite 1300
Atlanta, GA 30309
Tel.: 404-645-7700
Fax: 404-645-7707

*Counsel for Plaintiff Tarsus Connect, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to LR 7.1(D), NDGa, that the foregoing **TARSUS CONNECT, LLC'S FIRST AMENDED COMPLAINT** complies with the font and point selections approved by the Court in L.R. 5.1.  The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

<u> /s/ Stephen M. Schaetzel</u>
Stephen M. Schaetzel
Georgia Bar No. 628653

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 7th, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Stephen M. Schaetzel
Stephen M. Schaetzel
Georgia Bar No. 628653