IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TARSUS CONNECT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CVENT, INC., <br><br> Defendant. | Civil Action No. <br> 1:17-cv-05165-SDG |

## ORDER

This matter comes before the Court on its September 12, 2019 Order to Show Cause directed to Plaintiff [ECF 132], which required Plaintiff to identify those documents cited in support of its Motion for Summary Judgment that were produced to Defendant *before* the close of discovery on January 14, 2019 and those that were produced *after* the close of discovery. On September 13, 2019, Plaintiff responded to the Court's Order to Show Cause, and moved to substitute and supplement "Earlier Produced, Duplicate Documents" [ECF 133] in place of the belatedly produced documents it originally cited in its summary judgment motion. On September 17, 2019, Plaintiff sought leave to further supplement its show-cause response [ECF 134]. Finally, on October 11, 2019, Plaintiff filed a request [ECF 142] for leave to file a reply to Defendant's response to the Court's Order to Show Cause, as well as two motions for leave to file documents under

seal [ECF 141, 144]. Considering the almost indiscernible summary judgment record presented to the Court at this juncture, the Court orders Plaintiff to redo and refile its summary judgment submissions.

## I.     BACKGROUND

Plaintiff filed the instant Complaint on December 14, 2017, alleging causes of action for trademark infringement, unfair competition, and trademark dilution [ECF 1]. After a prolonged period of discovery, including multiple extensions of time granted by the Court and full briefing of dueling cross-motions for summary judgment, the parties still have unresolved discovery disputes. They were to address all outstanding issues in a conference call with the Court on January 28, 2019. Instead, on January 22, 2019, the parties filed cross-motions for summary judgment [ECF 71, 74], cancelled the conference call, and deferred resolution of the outstanding discovery disputes to a later date.

On February 15, 2019, the same day Defendant filed its Response to Plaintiff's Motion for Summary Judgment [ECF 94], Defendant also filed a Motion to Strike specific evidence used in support of Plaintiff's Motion for Summary Judgment that had not been produced during discovery [ECF 97]. Specifically, Defendant sought to exclude three categories of evidence: (1) witness declarations [ECF 83-8] supporting Plaintiff's dispositive motion; (2) evidence of "dates of first

show" referred to in Plaintiff's Statement of Undisputed Material Facts [ECF 75-9, 75-10, 87]; and (3) emails Bates numbered TARSUS006552 through TARSUS009836 [ECF 97].

On September 10, 2019, the Court granted in part and denied in part Defendant's Motion to Strike.[1] Upon a further examination of the parties' submissions, the Court subsequently observed that *other* documents cited in Plaintiff's Motion for Summary Judgment appeared to have been untimely produced but were neither identified by Defendant in its Motion to Strike nor disclosed by Plaintiff as such. To try to resolve these issues the Court issued an Order to Show Cause [ECF 132], directing Plaintiff to file a list detailing those documents it had used to support its Motion for Summary Judgment that had been produced before the close of discovery on January 14, 2019, and those produced thereafter. The Court specifically instructed Plaintiff to "refer to each document by [Bates] number, exhibit number, *and* corresponding docket number entry." [ECF 132 (emphasis in original).]

---

[1]  Since there is no provision in the Federal Rules of Civil Procedure permitting a party to file a motion to strike a non-pleading, the Court construed Defendant's Motion to Strike as a Motion to Exclude [ECF 130].

On September 13, 2019, Plaintiff filed a 20-page response to the Court's Order to Show Cause that did not comply with the Order's seemingly clear instructions [ECF 133]. Plaintiff asserted that certain of the *untimely* produced documents cited in its summary judgment filings were duplicates of documents that had been *timely* produced. Accordingly, Plaintiff sought leave "to substitute citations to such duplicate documents and supplement the record accordingly" because "certain excluded documents are duplicates of documents produced before the close of discovery." [ECF 133, at 1.] On September 17, 2017, Plaintiff filed another motion requesting leave to supplement its September 13 response to the Order to Show Cause [ECF 134].

On September 27, 2019, Defendant responded to Plaintiff's submissions requesting that the Court exclude Plaintiff's responses to the Order to Show Cause because the information was "incomplete and unreliable." [ECF 136.] Defendant also sought to exclude all documents cited by Plaintiff in support of its Motion for Summary Judgment that were not timely produced and asked the Court to deny Plaintiff's motion to substitute and supplement its prior briefing with references to documents produced during the discovery period [ECF 136].

On October 11, 2019, Plaintiff continued with another filing, this time a reply in support of its Motion to Substitute and Supplement, which included another

chart containing references to both timely and untimely produced documents [ECF 139], as well as a (1) request for leave to file a reply to Defendant's response to the Court's Order to Show Cause [ECF 142]; (2) two notices of filing documents under seal [ECF 140, 143]; and (3) two corresponding motions for leave to file under seal [ECF 141, 144].

## II.   DISCUSSION

Plaintiff's initial reliance on untimely produced documents and subsequent failure to follow the Court's instructions in its Order to Show Cause have made it substantially burdensome for the Court to evaluate the merits of Plaintiff's summary judgment submissions. These issues likewise infect Plaintiff's response to Defendant's motion for summary judgment. At this point, the Court cannot discern with sufficient certainty whether Plaintiff's arguments rely, in whole or in part, or perhaps not at all, on documents that were untimely disclosed and therefore are, or should have been, excluded based on the Court's previous order.

The Court concludes that the most equitable solution is to require Plaintiff to redo and resubmit its summary judgment submissions without the taint of relying on excluded documents. The Court recognizes that this resolution bears the collateral consequence of causing the Defendant to expend additional time and resources responding to same, but the Court sees no more efficient alternative that

will allow it to adjudicate the parties' respective dispositive motions on the merits. The Clerk is hereby **DIRECTED** to **STRIKE** from the docket the following entries in their entirety: ECF 74, 75, 76, 77, 79, 83, 84, 85, 94, 95, 98, 99, 100, 101, 102, 110, 111, 113, 114, 133, 134, 136, 139, 140, 141, 142, 143, and 144.

Plaintiff shall have 14 days after entry of this Order to refile its (1) statement of undisputed material facts; (2) motion for summary judgment, supporting brief, and opposition to Defendant's summary judgment motion; and (3) any response to Defendant's statement of undisputed material facts [ECF 72-2]. Plaintiff's motion, supporting brief, and opposition to Defendant's motion **shall be combined in one document not to exceed 35 pages**.

Plaintiff is **EXPRESSSLY PROHIBITED** from using, referencing, or citing to any document or information that was not timely produced to Defendant during the discovery period, including but not limited to the documents excluded by the Court in its September 10, 2019 Order [ECF 130], Exhibit 45 to Plaintiff's Statement of Undisputed Facts [ECF 83-8], and documents bearing the Bates range TAUSUS009837 through TARSUS009845.

Defendant shall have 14 days after Plaintiff's deadline to file its (1) reply in support of Defendant's Motion for Summary Judgment [ECF 72-1], (2) opposition to Plaintiff's Motion for Summary Judgment, and (3) any response to Plaintiff's

statement of undisputed material facts. Defendant's reply and opposition brief shall be in one document not to exceed 30 pages.

Finally, Plaintiff shall have seven days after Defendant's filings to serve a reply in support of its motion for summary judgment, which reply brief shall not exceed 10 pages.

Any failure to comply with these directives shall be grounds for the Court to direct the Clerk to **STRIKE** any non-compliant filing without leave to refile.

**SO ORDERED** this the 22nd day of October 2019.

                                                Steven D. Grimberg
                                    United States District Court Judge