**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| TARSUS CONNECT, LLC, | ) | |
| | ) | |
| Plaintiff-Counterdefendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:17-cv-05165-SDG |
| CVENT, INC., | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |

**DEFENDANT/COUNTERCLAIMANT CVENT INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO
CVENT'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Defendant/Counterclaimant Cvent, Inc. ("Cvent") respectfully opposes

Plaintiff/Counterclaim Defendant Tarsus Connect, LLC's ("Plaintiff" or "Tarsus")

motion for leave to file a Response to Cvent's Statement of Additional Material

Facts in Opposition to Plaintiff's Motion for Summary Judgment (the "Motion").

[*See generally* the Motion at Dkt. 180 and Tarsus's Proposed Responses (the

"Proposed Responses") at Dkt. 181-1].  Plaintiff leaves Cvent with no choice but to

oppose Plaintiff's Motion because Plaintiff affirmatively represents to this Court in

footnote 9 of its Reply [Dkt. 179] that the Proposed Responses are submitted, in part,

for the purpose of attempting to cure Plaintiff's clear violation of Local Rule

56.1(B)(1)(d).  It does not cure the violation.  To the contrary, it taints the Proposed

Responses.

It is undisputed that at the time Tarsus filed its summary judgment brief ("SJ Brief"), Tarsus made reference in its SJ Brief to purported facts allegedly contained in the sweeping declaration of Mr. Collinson that were **not found** in the statement of material facts ("Statement of Facts") that Tarsus filed in support of its SJ Brief as required.  [*See* Dkt. 179 at Page 9, fn. 9].  Tarsus does not dispute that this action violated Local Rule 56.1(B)(1)(d).  Instead, Tarsus argues that Cvent's concern is "without merit" as the "Collinson Declaration paragraphs referenced in the brief are or will be contained in one or more statements of fact, or responses to a statement of fact."  [Dkt. 179 at Page 9, fn. 9 (emphasis added)].  Plaintiff's cavalier post-violation treatment of its clear violation misses the point.  Tarsus cannot cure its defect simply by placing such facts at this late date in its Proposed Responses because Cvent now is not afforded any opportunity to respond. Tarsus has not even identified to the Court or to Cvent what supplemental facts it has included in its 67-page Proposed Responses in a belated effort to address the defect.  Accordingly, because Tarsus, itself, acknowledges that it has infected its Proposed Responses by adding facts to which Cvent cannot respond, Plaintiff's Motion should be denied.

The pertinent portion of Local Rule 56.1(B)(1)(d) clearly sets forth the requirement that any statement of fact contained in a movant's summary judgment brief must also be contained in the movant's supporting statement of undisputed material facts.  There is no ambiguity here.  The Local Rule states in pertinent part:

A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and supported by a citation to evidence proving such fact. **The Court will not consider any fact….set out only in the brief and not in the movant's statement of undisputed facts.** [Emphasis added].

The Local Rule is not difficult to follow and it never imposed any undue hardship on Tarsus. Nonetheless, Tarsus ignored the Local Rule, putting Cvent in an impossible situation: Tarsus is attempting to rely, in its summary judgment briefs, on alleged facts set forth in the Declaration of Mr. Collinson without affording Cvent the opportunity to address those facts because they were not included in Tarsus's Statement of Facts.

Tarsus does not dispute that its SJ Brief violated Local Rule 56.1(B)(1)(d). [*See* Dkt. 179 at Page 9, fn. 9]. Instead, Tarsus casts aside Cvent's request to enforce the Rule as being "without merit[,]" representing to the Court that "the Collinson Declaration paragraphs referenced in the brief are or <u>will be contained in one or more</u> statements of fact, or <u>responses to a statement of fact</u>". [*Id.* (emphasis added)]. Tarsus then directs the Court to inspect, as part of its review, the proposed Responses that Tarsus now seeks leave to file. [*Id.*] If granted, Cvent will not have been afforded the opportunity to comment on such facts.

Local Rule 56.1 does not authorize a party, who has moved for summary judgement, to subsequently supply the Court with statements of fact in support of the motion that should have been filed with the party's moving brief.[1]  To the contrary, the Local Rule states that the Court will not consider any facts that are set out only in the movant's brief "and not in the movant's statement of undisputed facts."  L.R. 56.1(B)(1)(d).

The purpose behind the requirement is obvious.  Where, as here, facts submitted in support of a summary judgment motion are stated in the movant's brief and not also in the movant's statement of material facts, the movant effectively prevents the responding party from addressing the cited facts in violation of Local Rule 56.1(B)(2)(a).

Asking either Cvent or the Court to search out and untangle the problem created by Tarsus's inexcusable and unjustified failure to follow the Local Rule is not reasonable.  This is not the first time Tarsus has ignored the clear instructions from this Court.  [*See* Order dated October 22, 2019, Dkt. 148 at Page 5 (noting Plaintiff's "failure to follow the Court's instructions in its Order to Show Cause")].  Tarsus's failure to follow the clear instructions of this Court has already needlessly forced Cvent to brief the summary judgment issues a second time.  [*Id.*]  Tarsus's

---

[1] Tarsus apparently recognizes this as nowhere in its Motion does it request leave to file its Proposed Responses in order to supplement its previously filed Statement of Facts.

tactics have already caused 31 previously filed papers to be struck from the Docket [*see* Dkt. 148 at Page 6 and October 24, 2019 Minute Order], and they have substantially burdened the Court and Cvent by causing the unnecessary expenditure of additional time and resources in connection with this case. [*See* Dkt. 148, at Page 5].

Tarsus's failure to follow Local Rule 56.1(B)(1)(d) and its effort to belittle Cvent's concerns is seriously misplaced. Cvent should not be required to sort through the various paragraphs in the various papers yet again because of Tarsus's inexplicable failure to adhere to the Local Rules of this Court. Even if Tarsus were to have identified what supplemental facts it added to its Proposed Responses, Cvent would be forced to check Tarsus's papers yet again. The burden that has been placed on Cvent as a consequence of Tarsus's failures is already substantial and Cvent should not be forced yet again to needlessly expend additional time and resources. The Local Rule should be enforced and Tarsus should not be permitted to circumvent it.

## CONCLUSION

For all the foregoing reasons, Tarsus's Motion to file the Proposed

Responses should be denied.

Respectfully submitted this 11th day of December, 2019.

/s/ H. Jonathan Redway, Esq.
DICKINSON WRIGHT PLLC
H. Jonathan Redway, Esq.
1825 Eye St. N.W.
Suite 900
Washington, D.C. 20006
Telephone: (202) 659-6946
Fax: (844) 670-6009
Email: jredway@dickinson-wright.com

-and-

/s/ Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No. 257825
Michael C. Gretchen
Georgia Bar No. 522171
FELLOWS LaBRIOLA LLP
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 586-9200
Fax: (404) 586-9201
Email: hfellows@fellab.com
Email: mgretchen@fellab.com

*Attorneys for Defendant and
Counterclaimant Cvent, Inc.*

6

## TYPE AND FONT CERTIFICATION

The undersigned certifies that the foregoing complies with Local Rule

5.1(B) regarding typefaces and fonts.

/s/ Henry D. Fellows, Jr.
Henry D. Fellows, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I have served the foregoing Defendant/Counterclaimant Cvent Inc.'s Opposition To Plaintiff's Motion For Leave To File A Response To Cvent's Statement Of Additional Material Facts using the Court's CM/ECF system, which will send notice of the filing to all counsel authorized to receive it:

> Stephen M. Schaetzel
> SSchaetzel@mcciplaw.com
> Ashley N. Klein
> aklein@mcciplaw.com
> Sarah Kessler
> skessler@mcciplaw.com
> MEUNIER CARLIN & CURFMAN LLC
> 999 Peachtree Street N.E.
> Suite 1300
> Atlanta, Georgia 30309

Respectfully submitted, this 11th day of December, 2019.

> /s/ Henry D. Fellows, Jr.
> Henry D. Fellows, Jr.